FILED

2013 MAY 14  PM 3: 56

CLERK U.S. ___ ___ COURT
CENTRAL DIST OF CALIF.
LOS ___ ___

BY _____

1  Ralph C. Loeb, Esq. (#124773)
    Email: ralph@kranesmith.com
2  **KRANE & SMITH, APC**
    16255 Ventura Boulevard
3  Suite 600
    Encino, CA 91436
4
    Tel: (818) 382-4000
5  Fax: (818) 382-4001
6  Attorneys for Plaintiff LIFE ALERT
    EMERGENCY RESPONSE, INC.
7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  LIFE ALERT EMERGENCY              CASE NO. CV13-03455-JAK
    RESPONSE, INC., a California                          (SSx)
12  corporation,
                                       **COMPLAINT FOR:**
13                  Plaintiff,
                                       **1. VIOLATION OF 15 U.S.C.
14  vs.                                    §1125(a);**
                                       **2. UNFAIR COMPETITION;**
15  CONNECT AMERICA.COM, LLC,         **3. TRADEMARK**
    a Delaware limited liability          **INFRINGEMENT; and**
16  company, KENNETH GROSS, an        **4. TRADEMARK DILUTION**
    individual, LIEEWATCH, INC., a
17  New York corporation, EVAN
    SIRLIN, an individual, LIVE
18  AGENT RESPONSE 1 LLC, a          **DEMAND FOR JURY TRIAL**
    Florida limited liability company,
19  GREG SMALL, an individual,
    TRILOGY INVESTMENT, LLC, a
20  Florida limited liability company,
    and DOES 1 to 10, inclusive,
21
                  Defendants.
22

23

24

25

26

27

28  F:\CLIENTS\LIFEALERT\CONNECT AMERICA\PLEADINGS\COMPLAINT.001.wpd          1

─────────────────────────────────────────────────
COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LIFE ALERT EMERGENCY RESPONSE, INC. ("Life Alert") alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil action for trademark infringement and dilution, false designation of origin, and unfair competition arising under the Lanham Act of 1946, as amended, 15 U.S.C. §§1051-1127.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1391(b).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

3.    Life Alert is a California corporation with its principal place of business in the County of Los Angeles, California.

4.    Life Alert is informed and believes, and thereupon alleges, that Defendant Connect America.com, LLC ("Connect America") is a Delaware limited liability company and is subject to the jurisdiction of this Court.

5.    Life Alert is informed and believes, and thereon alleges, that Defendant Kenneth Gross ("Gross") is an individual residing in Pennsylvania and is subject to the jurisdiction of this Court.

6.    Life Alert is informed and believes, and thereupon alleges, that Defendant LifeWatch, Inc. ("LifeWatch") is a New York corporation and is subject to the jurisdiction of this Court.

7.    Life Alert is informed and believes, and thereupon alleges, that Defendant Evan Sirlin ("Sirlin") is an individual and is subject to the jurisdiction of this Court.

8.    Life Alert is informed and believes, and thereupon alleges, that Defendant Live Agent Response 1 LLC ("Live Agent") is a Florida limited liability company and is subject to the jurisdiction of this Court.

COMPLAINT AND DEMAND FOR JURY TRIAL

9.     Life Alert is informed and believes, and thereupon alleges, that Defendant Greg Small ("Small") is an individual and is subject to the jurisdiction of this Court.

10.     Life Alert is informed and believes, and thereupon alleges, that Defendant Trilogy Investment, LLC ("Trilogy") is a Florida limited liability company and is subject to the jurisdiction of this Court.

11.     Life Alert is informed and believes, and thereon alleges, that there exists, and at all times relevant hereto there existed, a unity of interest and ownership between Defendants Live Agent, Small and Trilogy, and each of them.  As a result, any individuality and separateness between said Defendants has ceased and Defendants Life Agent and Trilogy are mere shells, instrumentalities and conduits through which these Defendants carry on their business and are alter egos of each other and mere conduits to conduct their own wrongful acts through the subterfuge of a purported separate corporate entity in order to avoid liability and responsibility for those wrongful acts.

12.     Life Alert is informed and believes, and thereon further alleges, that adherence to the fiction of the separate existence of Defendants Live Agent, Small and Trilogy, as entities or persons distinct from each other, would permit an abuse of the corporate privilege, sanction fraud against Life Alert and the public and promote injustice.

13.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown to Life Alert who therefore sues said defendants by such fictitious names.  Life Alert is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and liabilities alleged and referred to herein. Life Alert will seek leave to amend this

COMPLAINT AND DEMAND FOR JURY TRIAL

1    Complaint to allege the true names and capacities of these DOE defendants when the

2    same are ascertained.

3                        **SUBSTANTIVE ALLEGATIONS**

4                    **Plaintiff Life Alert and Its Trademarks**

5        14.    Life Alert has been in the business of providing personal emergency

6    response services and related products for seniors on a 24 hour a day, 7 day a week

7    basis for more than twenty-five years. Life Alert has built a reputation for providing

8    the highest quality of services to its customers.

9        15.    Life Alert provides a central dispatch security system composed of

10   transmitters and receivers for sending and receiving emergency signals. Life Alert has

11   been providing this system under the trademark LIFE ALERT EMERGENCY

12   RESPONSE, INC. since at least as early as December 1, 1987. This mark is the

13   subject of U.S. Registration No. 2,641,470, which is valid, subsisting, and

14   incontestable with the U.S. Patent & Trademark Office ("PTO").

15       16.    Life Alert provides printed products, namely, lists featuring information

16   useful in medical emergencies. Life Alert has been providing such goods under the

17   trademark LIFE ALERT since at least as early as December 1, 1987. This mark is the

18   subject of U.S. Registration No. 2,552,506, which is valid, subsisting, and

19   incontestable with the PTO.

20       17.    Life Alert provides central dispatch security systems composed of

21   telephone transmitters and receivers so that the elderly and handicapped can send

22   emergency signals to summon medical aid when necessary. Life Alert has been

23   providing such goods under the trademark LIFE ALERT THE LIFE SAVING

24   NETWORK since at least as early as 1993. This mark is the subject of U.S.

25   Registration No. 2,563,006, which is valid and subsisting with the PTO.

26

27

28   F:\CLIENTS\LIFEALERT\CONNECT AMERICA\PLEADINGS\COMPLAINT.001.wpd          4

---

COMPLAINT AND DEMAND FOR JURY TRIAL

18.     Life Alert provides personal security alarms.  Life Alert has been providing such goods under the trademark LIFE ALERT YOU ARE NEVER ALONE 24/7 & Design since at least as early as April 20, 2006. This mark is the subject of U.S. Registration No. 3,212,604, which is valid and subsisting with the PTO.

19.     Life Alert provides mobile phones. Life Alert has been providing such goods under the trademark LIFE ALERT MOBILE since at least as early as December 1, 2010. This mark is the subject of U.S. Registration No. 4,053,816, which is valid and subsisting with the PTO.

20.     The Life Alert marks identified in U.S. Registration Nos. 2,641,470, 2,552,506, 2,563,006, 3,212,604, and 4,053,816 and Life Alert's common law rights in the trademark LIFE ALERT, are collectively referred to as the "Life Alert Marks".

21.     Life Alert has also adopted the phrases "HELP, I'VE FALLEN AND I CAN'T GET UP!" and "I'VE FALLEN AND I CAN'T GET UP!" as trademarks and is the owner of Federal Registrations on the Principal Register of the PTO, U.S. Registration Nos. 2,630,737 and 3,255,726.  The Life Alert marks identified in U.S. Registration Nos. 2,630,737 and 3,255,726 and Life Alert's common law rights in those trademarks are collectively referred to as the "I've Fallen Marks".

22.     The Life Alert Marks and the I've Fallen Marks are instantly recognizable as being associated with the services and goods of Life Alert. The Life Alert Marks and the I've Fallen Marks have appeared in numerous advertisements, brochures and solicitations for Life Alert.

23.     Life Alert has expended great effort and substantial sums of money in making its Life Alert Marks and the I've Fallen Marks well-known to the public.

24.     Life Alert retains the sole and exclusive right in the United States to use and control the use of the Life Alert Marks and the I've Fallen Marks, together with

the right to bring and maintain actions relating to the infringement, disparagement, dilution and/or other misappropriation of the Life Alert Marks and the I've Fallen Marks.

25.    As a result of the high quality of the services and products sold by Life Alert in conjunction with its Life Alert Marks and the I've Fallen Marks, and as a result of the extensive advertising, sale and public acceptance of those services and products, the public has come to exclusively identify the Life Alert Marks and the I've Fallen Marks with Life Alert's services and products. The Life Alert Marks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

### DEFENDANTS' UNLAWFUL ACTIVITIES

26.    Connect America and LifeWatch are direct competitors of Life Alert, providing personal emergency response services and related products for seniors on a 24 hour a day, 7 day a week basis. Connect America also provides said emergency response services under the generic name "Medical Alert".  Upon information and belief, Gross is the Chairman of Connect America and controls the operation and business of Connect America. Furthermore, upon information and belief, Sirlin is th CEO of LifeWatch and controls the operation and business of LifeWatch.

27.    Upon information and belief, at some point prior to 2013, Connect America and LifeWatch began obtaining customers for personal emergency response services through the use of illegal and fraudulent telemarketing operations, including phone calls made with recorded messages (commonly known as "robo-calling") and phone calls to persons on government "Do Not Call" lists.    Upon information and belief, Live Agent, Small and Trilogy provided at least some of said illegal and fraudulent telemarketing operations.  Moreover, upon information and belief, in furtherance of said illegal and fraudulent telemarketing operations, Agent, Small and

F:\CLIENTS\LIFEALERT\CONNECT AMERICA\PLEADINGS\COMPLAINT.001.wpd

6

Triology are responsible for advertising for salespersons using Life Alert's trademark "Help, I've Fallen and Can't Get Up".

28.    Furthermore, upon information and belief, all of the Defendants are liable for acts of unfair competition and infringement of Life Alert's rights in the Life Alert Marks and/or the I've Fallen Marks committed in connection with illegal and fraudulent telemarketing operations, including some or all of the following:

a.    Having salespersons call potential customers for personal emergency response systems and falsely stating that they work with "Life Alert" or with the "I've Fallen and I Can't Get Up!" company [i.e. Life Alert];

b.    Using false caller identifications in connection with phone calls to potential customers for personal emergency response systems;

c.    Leading customers to believe they are Life Alert and not disclosing that Connect America and/or LifeWatch were the true personal emergency response companies with which the salespersons were affiliated, until after the solicited person(s) purchased emergency responses services and received Connect America's emergency response equipment, not Life Alert's. A true and correct copy of a joint letter from Gross on behalf of "Medical Alert, a Connect America Company" and Sirlin on behalf of LifeWatch that was provided to persons after they purchased said emergency response services is attached hereto as Exhibit "A"; and

d.    Using "robo-calls" to intentionally contact Life Alert's existing customers and falsely indicating to them that the phone call concerned updating their Life Alert equipment. However, when

COMPLAINT AND DEMAND FOR JURY TRIAL

the Life Alert customers requested the updated Life Alert equipment, they received Connect America equipment instead.

29.   The wrongful acts alleged above did not involve Connect America's or LifeWatch's advertising.

30.   Upon information and belief, Connect America, Gross, LifeWatch and Sirlin authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of, the wrongful acts committed by Live Agent, Small and/or Triology and/or others whose identities are currently unknown to Life Alert in connection with the illegal and fraudulent telemarketing operations alleged above.

31.   Defendants' intentional and deceitful acts of unfair competition and use of the Life Alert Marks and/or the I've Fallen Marks have caused confusion, and are likely to do so in the future, and have caused mistake, deception as to the affiliation, confusion, or association of the Defendants with Life Alert, and as to the origin, sponsorship, or approval of the Defendants' goods, services, or commercial activities by Life Alert.   Life Alert has neither authorized, nor consented to the use by Defendants of the Life Alert Marks and/or the I've Fallen Marks, any colorable imitation of them, or any mark confusingly similar to them.

32.   Life Alert is informed and believes, and thereupon alleges, the Defendants' purpose in utilizing the Life Alert Marks and/or the I've Fallen Marks is an attempt to benefit unfairly from the valuable goodwill and excellent reputation established at great expense and effort throughout the United States by Life Alert through the use of the Life Alert Marks and/or the I've Fallen Marks.

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

# FIRST CLAIM

## (Violation of 15 U.S.C. §1125(a))

33.    Life Alert repeats, repleads and realleges the allegations contained in Paragraphs 1 through 32, as though fully set forth herein.

34.    Defendants' acts as alleged above constitute unfair competition and a false designation of origin which have caused confusion, mistake, deception as to the affiliation, connection or association of Defendants with Life Alert and as to the origin, sponsorship, or approval of Defendants' goods, services and/or activities by Life Alert and are likely to do so in the future in violation of the Lanham Act, 15 U.S.C. §1125(a).

35.    As a direct and proximate result of Defendants' wrongful acts, Life Alert has suffered and continues to suffer and is likely to suffer damage to Life Alert's business reputation, and goodwill and to the Life Alert Marks and I've Fallen Marks. Defendants will continue the activities alleged herein and will cause irreparable damage to Life Alert.  Life Alert has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition, deceitful acts using the Life Alert Marks and/or the I've Fallen Marks, and false designation of origin and false affiliation and association.

36.    Life Alert is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful and devious acts. Life Alert is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of unfair competition and false designation of origin and false affiliation and association.

37.     Life Alert is further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful and malicious acts. Life Alert is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of unfair competition and false designation of origin and false affiliation and association.

38.     Because of the willful nature of the wrongful acts of Defendants, Life Alert is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. §1117. As to Connect America and LifeWatch, the willful nature of their wrongful acts and/or ratification of other Defendants' wrongful acts is supported by their prior violations of Life Alert's rights to the Life Alert's Marks and I've Fallen Marks which, among other things, resulted in permanent injunctions being issued against them with respect to said marks.

39.     Life Alert is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## SECOND CLAIM

### (Unfair Competition)

40.     Life Alert repeats, repleads and realleges paragraphs 1 through 39, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

41.     Defendants' actions constitute unfair competition under the statutory law of California, including Cal. Bus. & Prof. Code §17200, et seq., and under the common law of the State of California.

42.     The acts and conduct of Defendants complained of herein have caused Life Alert irreparable injury, and will, unless retrained, further impair the value of the Life Alert Marks and the I've Fallen Marks, intellectual property rights, reputation and goodwill of Life Alert. Life Alert has no adequate remedy at law.

43.   Life Alert is informed and believes that Defendants have unlawfully obtained profits through their acts of unfair competition.  Defendants should be forced to disgorge such unlawful profits to Life Alert.

44.   Life Alert is further entitled to recover from Defendants its actual damages sustained as a result of Defendants' wrongful acts.  Life Alert is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of unfair competition.

45.   Because of the willful nature of Defendants' wrongful acts, Life Alert is entitled to an award of punitive damages.

### THIRD CLAIM

### (Federal Trademark Infringement Under Lanham Act §32,
### 15 U.S.C. §1114 And Common Law)

46.   Life Alert repeats, repleads and realleges the allegations contained in Paragraphs 1 through 45, as though fully set forth herein.

47.   The aforesaid acts of Defendants constitute infringement of the Life Alert Marks and/or I've Fallen Marks under 15 U.S.C. §1114 and under common law.

48.   As a direct and proximate result of Defendants' wrongful acts, Life Alert has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation, and goodwill.  Defendants will continue to use the Life Alert Marks and I've Fallen Marks and will cause irreparable damage to Life Alert.  Life Alert has no adequate remedy at law and is entitled to an injunction restraining, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

49.   Life Alert is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Life Alert is presently unable to ascertain  the full extent of the

COMPLAINT AND DEMAND FOR JURY TRIAL

monetary damages that it has sustained and/or is likely to sustain by reason of Defendants' acts of trademark infringement.

50. Life Alert is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Life Alert is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark infringement.

51. Because of the willful nature of the wrongful acts of Defendants, Life Alert is entitled to all remedies available under 15 U.S.C. §1117 and 1118 and the common law, including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

52. Life Alert also is entitled to recover its attorneys' fees and costs of suit pursuant to U.S.C. §1117.

## FOURTH CLAIM

### (Trademark Dilution - 15 U.S.C. §1115(c))

53. Life Alert repeats and realleges each and every allegation of paragraphs 1 through 52, above, as though fully set forth herein.

54. Life Alert has used its Life Alert Marks and I've Fallen Marks to identify its products and services before Defendants began using the Life Alert Marks and I've Fallen Marks without Life Alert's permission.

55. The Life Alert Marks and I've Fallen Marks are inherently distinctive and have acquired distinction through Life Alert's exte nsive, continuous, and exclusive use of the Life Alert Marks and I've Fallen Marks. The Life Alert Marks and I've Fallen Marks are famous and distinctive within the meaning of 15 U.S.C. §1125(c)(1) and 1127.

COMPLAINT AND DEMAND FOR JURY TRIAL

56.     Defendants' use of the Life Alert Marks and I've Fallen marks are likely to dilute the distinctive quality of the Life Alert Marks and I've Fallen Marks in violation of 15 U.S.C. §1125(c).

57.     As a direct and proximate result of Defendants' wrongful acts, Life Alert has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendants will continue to use the Life Alert Marks and I've Fallen Marks and will cause irreparable damage to Life Alert.  Life Alert has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark dilution.

58.     Life Alert is entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Life Alert is presently unable to ascertain the full extent of the monetary damages that it has sustained and/or is likely to sustain by reason of Defendants' acts of trademark dilution.

59.     Life Alert is further entitled to recover from Defendants the gains, profits, and advantages that Defendant have obtained as a result of their wrongful acts.  Life Alert is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark dilution.

60.     Because of the willful nature of the wrongful acts of Defendants Life Alert is entitled to all remedies available under 15 U.S.C. §1117 and 1118, including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

61.     Life Alert also is entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Life Alert prays for judgment against Defendants as follows:

1.   Finding that Defendants have violated 15 U.S.C. §1125(a) and the common law, have engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 et seq. of the California Bus. & Prof. Code, have engaged in common law unfair competition, have willfully infringed the Life Alert Marks and the I've Fallen Marks under 15 U.S.C. §1114 and the common law, and have violated 15 U.S.C. § 1125(c)(1).

2.   Ordering that Life Alert recover (i) damages according to proof at trial, including punitive and/or treble damages, (ii) injunctive relief, equitable relief (including but not limited to a constructive trust), and restitution as provided by law, and (iii) that a judgment in favor of Life Alert be entered against Defendants.

3.   Defendants, their officers, agents, servants, affiliates, partners, vendors, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

   a.   Using the name or marks "LIFE ALERT," "HELP, I'VE FALLEN AND I CAN'T GET UP!", "I'VE FALLEN AND I CAN'T GET UP!" or any colorable imitation thereof, or any other name or mark likely to cause confusion, mistake, or deception, in connection with telemarketing or the sale, offering for sale, distribution, manufacturing, advertising, or promotion of their goods or services;

COMPLAINT AND DEMAND FOR JURY TRIAL

b.     Using false caller identifications, "robo-calls" or other illegal or deceptive practices in connection with phone calls to potential customers for personal emergency response systems;

c.     Using any false designation of origin or false description that can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product or service manufactured, distributed, sold, offered for sale, or advertised by Defendants are in any manner associated or connected with Life Alert or is sold, manufactured, licensed, sponsored, or approved or authorized by Life Alert;

d.     Engaging in any other activity constituting an infringement of Life Alert's trademark rights or otherwise unfairly competing with Life Alert; and

e.     Engaging in any other activity that dilutes the distinctive quality of the Life Alert Marks and/or the I've Fallen Marks by, among other things, using the Life Alert  Mark and/or the I've Fallen Marks in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of its goods or services;

4.     Defendants be directed to deliver up to Life Alert all products bearing the Life Alert Marks and/or the I've Fallen Marks, any copy, simulation, variation or colorable imitations of the Life Alert  Mark and/or the I've Fallen Marks, and any documents or tangible things that discuss, describe, mention or relate to such products;

5.     Defendants file with the Court and serve upon Life Alert's counsel within thirty (30) days after entry of judgment a report in writing under oath setting

COMPLAINT AND DEMAND FOR JURY TRIAL

forth in detail the manner and form in which Defendants have complied with the requirements of the injunction.

6.     Defendants be required to pay to Life Alert all of its costs, disbursements, and attorneys' fees in this action.

7.     For such other and further relief as the Court may deem appropriate to prevent the infringement, disparagement, or dilution of the Life Alert Marks, and/or the I've Fallen Marks and to prevent the unfair competition that Defendants have engaged in from recurring.

8.     For prejudgment interest.

9.     For such other relief as the Court deems proper.

DATED: May 13, 2013                    KRANE & SMITH, APC


By: _____
     RALPH C. LOEB
Attorneys for Plaintiff
LIFE ALERT EMERGENCY
RESPONSE, INC.

COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT A

**Medical Alert, a Connect America Company**

**2193 West Chester Pike**

**Broomall, PA 19008**





**From the Desks of :**

**Kenneth Gross, President, Medical Alert**

**Evan Sirlin, CEO, LifeWatch USA**

Thank you for your recent order. We welcome you to the Medical Alert/LifeWatch USA family! Both companies have agreed to provide you with great service and priceless peace-of-mind. With over 60 years of combined expertise, we confidently assure your safety and satisfaction.

Our call center is available for any emergency (medical, fire, police) 24 hours a day, 7 days a week, 365 days a year. Our commitment to you began the moment we heard about your need. If you have any comments, questions, or concerns, please contact one of our friendly customer service representatives at (800) 800-8112.

**Please remember to PUSH YOUR BUTTON and test your medical alarm regularly. This ensures that the system is always ready to protect you. Also, please check that your CALL LIST of help responders (neighbors, relatives and friends, etc.) is up to date.**

Enjoy your safety and personal freedom!

Medical Alert                    LifeWatch Inc.


By: *Kenneth Gross*            By: *Evan Sirlin*
Kenneth Gross,                    Evan Sirlin,
President                          CEO

**EXHIBIT A**

## DEMAND FOR JURY TRIAL

Plaintiff LIFE ALERT EMERGENCY RESPONSE, INC., hereby demands a jury trial in this action.

DATED: May 13, 2013                   KRANE & SMITH, APC


By: _____
      RALPH C. LOEB
Attorneys for Plaintiff
LIFE ALERT EMERGENCY
RESPONSE, INC.

F:\CLIENTS\LIFEALERT\CONNECT AMERICA\PLEADINGS\COMPLAINT.001.wpd               17

COMPLAINT AND DEMAND FOR JURY TRIAL

Ralph C. Loeb #124773
KRANE & SMITH, APC
16255 Ventura Boulevard,
Ste. 600
Encino, CA 91436

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LIFE ALERT EMERGENCY RESPONSE, INC., a California corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>CONNECT AMERICA.COM, LLC, a Delaware limited liability company, see attached names of additional Defendants<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-03455** -JAK (SSx)<br><br>**SUMMONS** |
|---|---|

TO:  DEFENDANT(S):

A lawsuit has been filed against you.

Within 21____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Ralph C. Loeb, Esq._____ , whose address is KRANE & SMITH, 16255 Ventura Blvd. #600, Encino, CA. 91436_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY 1 4 2013_____

By: _Marilyn Breem_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                          SUMMONS

CCD-1A

**UNITED STA       DISTRICT COURT, CENTRAL DISTRI       OF CALIFORNIA**

**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br><br> LIFE ALERT EMERGENCY RESPONSE, INC., a California corporation | **DEFENDANTS** <br><br> CONNECT AMERICA.COM, LLC, a Delaware limited liability company, et al. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Ralph C. Loeb <br> KRANE & SMITH, APC <br> 16255 Ventura Boulevard, <br> Ste. 600 <br> Encino, CA 91436 <br> 818-382-4000 | Attorneys (If Known) |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No         ☒ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of 15 U.S.C. §1125(a); Unfair Competition; Trademark Infingement; and Trademark Dilution

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV13-03455

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

CCD-JS44

UNITED STATE DISTRICT COURT, CENTRAL DISTRI OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [ X ] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ X ] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | See Attachment "A" hereto |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Ralph C. Loeb_        Date May 13, 2013

Ralph C. Loeb

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT "A"

### CIVIL COVER SHEET - ITEM IX.(b)

Connect America.com, LLC resides in Pennsylvania; Kenneth Gross resides in Pennsylvania; LifeWatch, Inc., upon information and belief resides in New York; Evan Sirlin, upon information and belief resides in New York; Live Agent Response 1 LLC, upon information an belief resides in Florida; Greg Small, upon information and belief reside in Florida; Trilogy Investment, LLC, upon information and belief resides in Florida

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV13- 3455 JAK (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY