SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Jill M. Pietrini (Cal. Bar No. 138335)
  jpietrini@sheppardmullin.com
Ryan S. Hilbert, Cal. Bar No. 210549
  rhilbert@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  (310) 228-3700 / Facsimile: (310) 228-3701

KRANE & SMITH
Ralph C. Loeb, Esq., Cal. Bar No. 124773
  ralph@kranesmith.com
16255 Ventura Boulevard, Suite 600
Encino, California  91436
Telephone:  (818) 382-4000 / Facsimile: (818) 382-4001

Attorneys for Plaintiff,
LIFE ALERT EMERGENCY RESPONSE, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONNECT AMERICA.COM, LLC, a Delaware limited liability company, KENNETH GROSS, an individual, LIFEWATCH, INC., a New York Corporation, EVAN SIRLIN, an individual LIVE AGENT RESPONSE 1, LLC, a Florida limited liability company, GREG SMALL, an individual, TRILOGY INVESTMENT, LLC, a Florida limited liability company and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CV13-03455 JAK (SSx)<br><br>**PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ENTRY OF PRELIMINARY INJUNCTION**<br><br>Judge:  Hon. John A. Kronstadt<br><br>Date:           To Be Determined<br>Time:           To Be Determined<br>Courtroom:   Ctrm 750- Roybal Building<br><br>Complaint Filed:     May 14, 2013<br>First Amended<br>Complaint Filed:     August 28, 2013 |

SMRH:412537517.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Life Alert Emergency Response, Inc. ("Life Alert") hereby applies *ex parte* to the Court, pursuant to Fed. R. Civ. P. 65, L.R. 7-19 and L.R. 65, for a temporary restraining order and an order to show cause why a preliminary injunction should not issue against Defendants LifeWatch, Inc. ("LifeWatch").

As set forth in the accompanying declarations and Memorandum of Points and Authorities, LifeWatch is deceiving the unsuspecting elderly through a series of deliberately misleading phone calls, sales pitches, and other infringing activities using Life Alert's well-known trademarks. Most egregiously, LifeWatch has employed a scam whereby the elderly receive calls that reference Life Alert's marks and – as a result of the Life Alert references, and other deliberate statements of false association – are conned into buying LifeWatch's competing products. Not only does this practice divert customers away from Life Alert, it creates tremendous bad will in the marketplace from those angry and confused consumers who were under the impression that they were buying a genuine Life Alert product. Indeed, numerous customers have even blamed Life Alert for receiving robo-calls, even though Life Alert has had nothing to do with those calls.

Despite repeated attempts to stop LifeWatch and their agents from blatantly infringing on Life Alert's trademarks, LifeWatch's attempts to unfairly trade on the Life Alert brand have continued unabated. LifeWatch's common refrain throughout this process has been to shift the blame away from LifeWatch and towards its telemarketers. At the same time, LifeWatch has refused to identify in discovery who those telemarketers are, much less LifeWatch's relationship to them. When Life Alert first met and conferred with LifeWatch about the present motion on September 23, 2013, Life Alert was cautiously optimistic that LifeWatch would cease its infringing conduct voluntarily and/or identify the telemarketers who LifeWatch claimed was truly at fault. None of this has happened. Indeed, based on comments made by LifeWatch as recent as earlier this week, Life Alert is convinced

-1-

SMRH:412537517.1

that LifeWatch has no intent of ceasing its infringing activity, nor does it intend to disclose its telemarketers nationwide absent motion practice.

**Based on the foregoing, a temporary restraining order is warranted. As explained above, LifeWatch has refused to cease its infringing conduct. Moreover, LifeWatch has recently re-affirmed its refusal to identify the telemarketers from whom it is continuing to obtain customers so that Life Alert can go after them directly. At the same time, Life Alert has been and is continuing to suffer irreparable harm because LifeWatch is still obtaining customers on a daily basis through its phone scam, despite being on express notice of its infringing activity. This Court can and should stop LifeWatch by issuing the requested TRO and setting a hearing on why a preliminary injunction should not issue.**

Through this Application, Life Alert seeks an immediate restraining order and preliminary injunction against LifeWatch, its officers, agents, servants, and employees, and any person(s) acting in concert or participation with them, enjoining and restraining them from further infringing Life Alert's trademarks, and from accepting any customer accounts from any telemarketer, and/or related entity, who LifeWatch knows, or should know, is infringing Life Alert's trademarks.

Life Alert's counsel gave notice of this Motion to counsel for LifeWatch by phone on the morning of November 7, 2013. Counsel for LifeWatch advised Life Alert's counsel that LifeWatch would be opposing the Motion.

This Motion is based on this *Ex Parte* Motion, the supporting Memorandum of Points and Authorities, the Supporting Declarations of Isaac Shepher, Olga Vlassova, Ralph C. Loeb, Barry Gates, Danielle Levine, Merillin Gassman, Carnell Oliver, and Alice Eberhard, the Exhibits and other evidence

SMRH:412537517.1

1 | lodged and filed with this Motion, all pleadings and papers on file in this action, and
2 | on such other matters as may be presented to the court at the time of the hearing.

4 | Dated:   November 7, 2013            KRANE & SMITH

6 | By: _____/s/ Ralph C. Loeb_____
    Ralph C. Loeb

Attorneys for Plaintiff LIFE ALERT
EMERGENCY RESPONSE, INC

SHEPPARD MULLIN RICHTER &
HAMPTON LLP
Jill M. Pietrini
Ryan S. Hilbert
Attorneys for Plaintiff LIFE ALERT
EMERGENCY RESPONSE, INC

-3-

SMRH:412537517.1