Ralph C. Loeb, Esq. (SBN#124773)
Email: ralph@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, California 91436
Telephone: (818) 382-4000
Facsimile: (818) 382-4001

Jill M. Pietrini, Esq.
 Email: jpietrini@sheppardmullin.com
Ryan S. Hilbert, Esq.
 Email: rhilbert@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 228-3700 / Fax: (310) 228-3701

Attorneys for Plaintiff
LIFE ALERT EMERGENCY RESPONSE, INC.

FILED
CLERK, U.S. DISTRICT COURT

FEB 21 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CONNECT AMERICA.COM, LLC, a Delaware limited liability company, KENNETH GROSS, an individual, LIFEWATCH, INC., a New York corporation, EVAN SIRLIN, an individual, LIVE AGENT RESPONSE 1 LLC, a Florida limited liability, GREG SMALL, an individual, TRILOGY INVESTMENT, LLC, a Florida limited liability company, MICHAEL HILGAR, an individual, WORLDWIDE INFO SERVICES, INC., a Florida corporation and DOES 1 through 10, inclusive <br><br> Defendants. | CASE NO.: CV 13-03455-JAK (SSX) <br><br> [Assigned to the Honorable John A. Kronstadt] <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER <br><br> COMPLAINT FILED:  May 14, 2013 <br> TRIAL DATE: September 30, 2013 |

-1-

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted. Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary or private information. This Protective Order shall not apply to documents or information already in the public record. However, the protections afforded by this Order shall apply to documents or information that a party has disclosed or hereafter discloses to a third party in connection with its business in a manner that does not make the documents or information publicly available. The parties reserve their rights to object to or withhold any information including confidential, proprietary or private information on any other applicable grounds permitted by law, including third party rights and relevancy.

Customer information is excluded from this order.  The parties have disagreements about the discoverability of customer information and the protocols, if any, that should apply to contacting customers in connection with this action.  The parties are continuing to try to resolve their disagreements and will either submit a further stipulation(s) regarding customer information and/or seek Court intervention to resolve some or all of their disagreements.  In the interim, any customer information will be redacted until such resolution is reached.

[PROPOSED] STIPULATED PROTECTIVE ORDER

## 2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" or "Attorney's Eyes Only"Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) and that contains or constitutes the following:

(a)    business plans, strategic plans, and marketing strategies or plans;

(b)    non-public market research, including market surveys and customer surveys;

(c)    non-public financial and sales data, budgets and projections, and all information relating to revenues, costs, profits, cash flow, assets and liabilities, and reports containing such information;

(d)    the financial terms of agreements other than sales to the general public;

(e)    descriptions of products or services that have not yet been made available for sale;

(f)    licenses, license fees, and license agreements, and co-branding agreements;

(g)    employment files and information required to be kept confidential under federal, state and local law;

- 3 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

(h)    information required to be kept confidential pursuant to an agreement or understanding with nonparties; and

(i)    any commercially sensitive and/ or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins);

(j)    any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action; or

(k)    personal, private and/or sensitive information and/or materials;

(l)    proprietary information and/or materials;

(m)    trade secrets;

(n)    vendor, supplier, independent contractor identities and terms and agreements;  and

(o)    any other category of material or information hereinafter given "Confidential" or "Attorney's Eyes Only" status by the Court.

2.4    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery, including the documents produced by Defendants and Plaintiff for the purpose of settlement discussions prior  to the time that this Stipulated Protective Order was entered into, as "CONFIDENTIAL"  or "ATTORNEY'S EYES ONLY."

2.7    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "ATTORNEY'S EYES ONLY."

-4-

[PROPOSED] STIPULATED PROTECTIVE ORDER

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. However, unless otherwise ordered by the Court or permitted in a signed writing by the Designating Party, a Receiving Party shall not disclose any information or item designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to an expert witness or consultant that is: (a) a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or (b) a current employee or anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

2.9    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in arbitration or in other settings that might reveal Protected Material.

[PROPOSED] STIPULATED PROTECTIVE ORDER

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees in a signed writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy. During the inspection and before the designation, all of the material made available for

-6-

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case 2:13-cv-03455-JAK-SS   Document 133   Filed 02/18/14   Page 7 of 21   Page ID #:1465

1   inspection shall be deemed "ATTORNEY'S EYES ONLY". After the inspecting

2   Party has identified the documents it wants copied and produced, the Producing Party

3   must designate, either in writing or on the record (at a deposition), which documents,

4   or portions thereof, qualify for protection under this Order, then the Receiving Party

5   must affix the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" legend at the

6   top of each copied page that contains Protected Material. If only a portion or portions

7   of the material on a page qualifies for protection, the Producing Party also must

8   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

9   margins) and must specify, for each portion, the level of protection being asserted

10   (either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY").

11            (b)    for testimony given in deposition or in other pretrial or trial

12   proceedings, that the Party or non-party offering or sponsoring the testimony identify

13   on the record, before the close of the deposition, hearing, or other proceeding, all

14   protected testimony, and further specify any portions of the testimony that qualify as

15   "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." When it is impractical to

16   identify separately each portion of testimony that is entitled to protection, and when it

17   appears that substantial portions of the testimony may qualify for protection, the

18   Party or non-party that sponsors, offers, or gives the testimony may invoke on the

19   record (before the deposition or proceeding is concluded) a right to have up to 20

20   days to identify the specific portions of the testimony as to which protection is sought

21   and to specify the level of protection being asserted ("CONFIDENTIAL" or

22   "ATTORNEY'S EYES ONLY"). During the 20 days following the testimony, the

23   parties shall treat the testimony as if it has  already been designated "Attorneys Eyes

24   Only."  Only those portions of the testimony that are appropriately designated for

25   protection within the 20 days shall be covered by the provisions of this Stipulated

26   Protective Order.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   Transcript pages containing Protected Material must be separately

2   bound by the court reporter, who must affix to the top of each such page the legend

3   "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as instructed by the Party or

4   nonparty offering or sponsoring the witness or presenting the testimony.

5   (c)   for information produced in some form other than

6   documentary, and for any other tangible items, that the Producing Party affix in a

7   prominent place on the exterior of the container or containers in which the

8   information or item is stored the legend "CONFIDENTIAL" or "ATTORNEY'S

9   EYES ONLY." If only portions of the information or item warrant protection, the

10   Producing Party, to the extent practicable, shall identify the protected portions,

11   specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEY'S EYES

12   ONLY."

13   5.3   Inadvertent Failures to Designate. If corrected, an inadvertent

14   failure to designate qualified information or items as "CONFIDENTIAL" or

15   "ATTORNEY'S EYES ONLY" does not, standing alone, waive the Designating

16   Party's right to secure protection under this Order for such material. If material is

17   appropriately designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"

18   after the material was initially produced, the Receiving Party, on timely notification

19   of the designation, must make reasonable efforts to assure that the material is treated

20   in accordance with the provisions of this Order.

21   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

22   6.1   Timing of Challenges. A Party does not waive its right to

23   challenge a confidentiality designation by electing not to mount a challenge promptly

24   after the original designation is disclosed.

25   6.2   Meet and Confer. A Party that elects to initiate a challenge to a

26   Designating Party's confidentiality designation must do so in good faith and must

27   begin the process by conferring with counsel for the Designating Party in writing. In

28

-8-

[PROPOSED] STIPULATED PROTECTIVE ORDER

*according to L.R. 37.*

Case 2:13-cv-03455-JAK-SS   Document 133   Filed 02/18/14   Page 9 of 21   Page ID #:1467

1   conferring, the challenging Party must explain the basis for its belief that the

2   confidentiality designation was not proper and must give the Designating Party an

3   opportunity to review the designated material, to reconsider the circumstances, and, if

4   no change in designation is offered, to explain the basis for the chosen designation. A

5   challenging Party may proceed to the next stage of the challenge process only if it has

6   engaged in this meet and confer process first.

7        6.3    Court Intervention. A Party that elects to press a challenge to a

8   confidentiality designation after considering the justification offered by the

9   Designating Party may file and serve a motion *in Accordance with L.R. 37 (S.D.)* that identifies the challenged material

10  and sets forth in detail the basis for the challenge. Each such motion must be

11  accompanied by a competent declaration that affirms that the movant has complied

12  with the meet and confer requirements imposed ~~in the preceding paragraph~~ *by L.R. 37* and that

13  sets forth with specificity the justification for the confidentiality designation that was

14  given by the Designating Party in the meet and confer dialogue. The parties agree

15  that a confidentiality designation shall not create a presumption in favor of such

16  confidentiality designation, and that the Court shall decide the issue as such.

17       Until the Court rules on the challenge, all parties shall continue to

18  afford the material in question the level of protection to which it is entitled under the

19  Producing Party's designation.

20       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

21       7.1    Basic Principles. A Receiving Party may use Protected Material

22  that is disclosed or produced by another Party or by a non-party in connection with

23  this case only for prosecuting, defending, or attempting to settle this litigation. Such

24  Protected Material may be disclosed only to the categories of persons and under the

25  conditions described in this Order. When the litigation has been terminated, a

26  Receiving Party must comply with the provisions of section 11, below (FINAL

27  DISPOSITION).

28                                    -9-

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Protected Material must be stored and maintained by a Receiving Party
2  at a location and in a secure manner that ensures that access is limited to the persons
3  authorized under this Order.

4       7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless
5  otherwise ordered by the Court or permitted in a signed writing by the Designating
6  Party, a Receiving Party may disclose any information or item designated
7  "CONFIDENTIAL" only to:

8       (a)   the Designating Party himself, herself or itself;

9       (b)   the Receiving Party's outside counsel and in-house
10  counsel, as well as paralegals and/or employees of said outside counsel or in-house
11  counsel to whom it is reasonably necessary to disclose the information
12  for this litigation;

13       (c)   Board members, officers and directors of the Receiving
14  Party;

15       (d)   Other employees of the Receiving Party to whom disclosure
16  is reasonably necessary for this litigation and who are bound by internal
17  confidentiality obligations as part of their employment or who have signed the
18  "Agreement to Be Bound by Protective Order" (Exhibit A);

19       (e)   Experts (as defined and limited in Paragraph 2.8 of this
20  Order) of the Receiving Party to whom disclosure is reasonably necessary for this
21  litigation and who have signed the
22  "Agreement to Be Bound by Protective Order" (Exhibit A);

23       (f)   the Court personnel assigned to this litigation;

24       (g)   court reporters, their staffs, and professional vendors to
25  whom disclosure is reasonably necessary for this litigation and who have signed the
26  "Agreement to Be Bound by Protective Order" (Exhibit A);

27       (h)   during their depositions, witnesses in the action to whom

28  - 10 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound
2  by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or
3  exhibits to depositions that reveal Protected Material must be separately bound by the
4  court reporter and may not be disclosed to anyone except as permitted under this
5  Stipulated Protective Order; and

6              (i)     the author and recipients of the document or the original
7  source of the information.

8        7.3    Disclosure of "ATTORNEY'S EYES ONLY" Information or
9  Items. Unless otherwise ordered by the Court or permitted in a signed writing by the
10  Designating Party, a Receiving Party may disclose any information or item
11  designated "ATTORNEY'S EYES ONLY" only to:

12             (a)     the Designating Party himself or, herself or itself;
13             (b)     the Receiving Party's Outside Counsel, as well as
14  employees of said Outside Counsel to whom it is reasonably necessary to disclose the
15  information for this litigation;

16             (c)     Experts (as defined and limited in Paragraph 2.8 of this
17  Order) of the Receiving Party to
18  whom disclosure is reasonably necessary for this litigation and who have signed the
19  "Agreement to Be Bound by Protective Order" (Exhibit A);

20             (d)     the Court personnel assigned to this litigation;
21             (e)     court reporters, their staffs, and professional vendors to
22  whom disclosure is reasonably necessary for this litigation and who have signed the
23  "Agreement to Be Bound by Protective Order" (Exhibit A); and

24             (f)     the author and recipients of the document or the original
25  source of the information.

26
27
28

- 11 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   and (d) request such person or persons to execute the "Acknowledgment and

2   Agreement to Be Bound" that is attached hereto as Exhibit A.

3        10.   FILING PROTECTED MATERIAL. If any Protected Material is

4   included with any papers filed with the court, the filing party shall file such Protected

5   Material under seal in the manner set forth in California Central District Local Rule

6   79-5.1 and Judge Kronstadt's Standing Order Re: Pilot Program For Under Seal

7   Documents, a copy of which is attached hereto as Exhibit "B", or other similar Court

8   rules that may be controlling at the time of the filing of the Protected Material.

9        11.   FINAL DISPOSITION. Unless otherwise ordered or agreed in writing

10   by the Producing Party, within sixty days after the final termination of this action

11   (after the expiration of any and all appellate rights) each Receiving Party must return

12   all Protected Material to the Producing Party. As used in this subdivision, "all

13   Protected Material" includes all copies, abstracts, compilations, summaries or any

14   other form of reproducing or capturing any of the Protected Material. With

15   permission in writing from the Designating Party, the Receiving Party may destroy

16   some or all of the Protected Material instead of returning it. Whether the Protected

17   Material is returned or destroyed, the Receiving Party must submit a written

18   certification to the Producing Party (and, if not the same person or entity, to the

19   Designating Party) by the sixty day deadline that identifies (by category, where

20   appropriate) all the Protected Material that was returned or destroyed and that affirms

21   that the Receiving Party has not retained any copies, abstracts, compilations,

22   summaries or other forms of reproducing or capturing any of the Protected Material.

23        Notwithstanding this provision, Counsel are entitled to retain an archival

24   copy of the portions of all pleadings, motion papers, transcripts, legal memoranda,

25   correspondence or attorney work product, that do not contain information or items

26   that were designated "Attorney's Eyes Only". Any such archival copies that contain

27

28        - 13 -

---

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  or constitute Protected Material remain subject to this Protective Order as set forth in

2  Section 4 (DURATION), above.

3      12.    MISCELLANEOUS

4          12.1   Right to Further Relief. Nothing in this Order abridges the right of

5  any person to seek its modification in the future.

6          12.2   Right to Assert Other Objections. By stipulating to the entry of

7  this Protective Order no Party waives any right it otherwise would have to object to

8  disclosing or producing any information or item on any ground not addressed in this

9  Stipulated Protective Order. Similarly, no Party waives any right to object on any

10  ground to use in evidence of any of the material covered by this Protective Order.

11          12.3   Inadvertent Production of Privileged Documents. If a Party,

12  through inadvertence, produces any document or information that it believes is

13  immune from discovery pursuant to an attorney-client privilege, the work product

14  privilege, or any other privilege, such production shall not be deemed a waiver of any

15  privilege, and the Producing Party may give written notice to the Receiving Party that

16  the document or information produced is deemed privileged and that return of the

17  document or information is requested. Upon receipt of such notice, the Receiving

18  Party shall immediately gather the original and all copies of the document or

19  information of which the Receiving Party is aware, in addition to any abstracts,

20  summaries, or descriptions thereof, and shall immediately return the original and all

21  such copies to the Producing Party. Nothing stated herein shall preclude a Party from

22  challenging an assertion by the other Party of privilege or confidentiality.

23  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

24

25  Dated: February 17, 2014       By:    /s/ Ralph Loeb
                                          Ralph Loeb, Esq.
26                                        KRANE & SMITH, APC
                                          Attorneys for Plaintiff LIFE ALERT
27                                        EMERGENCY RESPONSE, INC.

28                                    - 14 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

Dated: February 17, 2014          By:    /s/ Jill Pietrini
                                          Jill Pietrini, Esq.
                                          SHEPPARD MULLEN RICHTER &
                                          HAMPTON, LLP
                                          Co-Attorneys for Plaintiff LIFE ALERT
                                          EMERGENCY RESPONSE, INC.


Dated: February 17, 2014          By:    /s/ Jason P. Sultzer
                                          Jason P. Sultzer, Esq.
                                          THE SULTZER LAW GROUP P.C.
                                          Attorneys for Defendants, LIFE
                                          WATCH, INC. and EVAN SIRLIN


Dated: February 17, 2014          By:    /s/ William H. Armstrong
                                          William H. Armstrong, Esq.
                                          ARMSTRONG & ASSOCIATES LLP
                                          Attorneys for Defendants,
                                          LIFEWATCH, INC. and EVAN
                                          SIRLIN


FOR GOOD CAUSE SHOWN AND AS REVISED,
**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED :February 21, 2014          By:    Suzanne H. Segal
                                          Honorable Suzanne H. Segal
                                          Magistrate Judge


- 15 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name],

of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Life Alert Emergency Response, Inc. v. Connect America.com, LLC, et al.*, Case No. CV13-03455 JAK (SSX). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 16 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case 2:13-cv-03455-JAK-SS   Document 132   Filed 02/26/13   Page 17 of 21   Page ID #:1475



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE INC | Case No: 2:13−cv−03455−JAK−SS |
| Plaintiff(s), | |
| v. | **ORDER RE PILOT PROGRAM FOR UNDER SEAL DOCUMENTS** |
| CONNECT AMERICA.COM LLC, et al. | |
| Defendant(s). | |

This Court is participating in a pilot program with respect to the submission of all under seal documents. Such documents shall be presented to the Court as follows:

**I.  FOR REQUESTS TO SEAL DOCUMENTS ONLY, NOT THE APPLICATION AND ORDER:**

1.  Electronically file the application to seal and the declaration giving notice or proof of service.

2.  Attach a proposed order to the electronically filed application (standard procedure for filing application with a proposed order).

3.  Indicate which of the three following actions will be taken if the application is denied:

**EXHIBIT B**

a.    Counsel will file the document(s) in their entirety for public view and consideration by the Court;

b.    Counsel will contact the Courtroom Deputy Clerk to pick up the chambers' cop(ies) of the document(s) within 24 hours; or

c.    Counsel will request that the Courtroom Deputy Clerk destroy the chambers' cop(ies) of the document(s).

Note: If counsel opt for (b) above and do not contact the Courtroom Deputy Clerk within 24 hours, the documents will be destroyed.

4.    After electronically filing the application and proof of service, send an e-mail to JAK_Chambers@cacd.uscourts.gov with an attachment containing: (i) an Adobe PDF version of the application to seal and declaration giving notice or a proof of service; (ii) a Word or WP version of the proposed order (including the proposed action to be taken if the application is denied (see 3., above)); and (iii) an Adobe PDF of the document(s) to be filed under seal with a caption page clearly marked "UNDER SEAL." The subject line of the e-mail should include: (a) the case number; (b) name of the represented party; and (c) the words "UNDER SEAL REQUEST." If the size of the email requires a second email that is a continuation of the under seal document(s), the subject line shall also include "Part 1 or "Part 2," etc.

5.    A non-blue backed, tabbed (if appropriate) mandatory paper chambers' copy of the document(s) listed above (together in one envelope) must be delivered to Judge Kronstadt's courtesy box, outside of Room 181-L, 255 E. Temple St., Los Angeles, California by noon on the day after submission. The envelope shall include the words "COURTESY COPIES FOR UNDER SEAL REQUEST."

ORDER RE PILOT PROGRAM FOR UNDER SEAL DOCUMENTS

## II. FOR REQUESTS TO SEAL THE APPLICATION, ORDER AND DOCUMENT(S):

1. Electronically file a NOTICE OF MANUAL FILING indicating that the following have been submitted to the Court: (1) an application to seal; (2) a declaration giving notice or a proof of service; (3) a proposed order; and (4) the documents to be placed under seal.

2. Send an email to the chambers' email at JAK_Chambers@cacd. uscourts.gov with an attachment containing (i) an Adobe PDF version of the application to seal and declaration giving notice or a proof of service; (ii) a Word or WP version of the proposed order (including the proposed action to be taken if the application is denied); and (iii) an Adobe PDF of the document(s) to be filed under seal with a caption page, clearly marked "UNDER SEAL." The subject line of the e-mail should include: (a) the case number; (b) the name of the represented party; and (c) the words "UNDER SEAL REQUEST". If the size of the email requires a second email that is a continuation of the under seal document(s), the subject line also include "Part 1" or "Part 2," etc.

3. A non-blue backed, tabbed (if appropriate) mandatory paper chambers copy of the documents listed above (all in one envelope) must be delivered to Judge Kronstadt's courtesy box, outside of Room 181-L, 255 E. Temple St., Los Angeles, California by noon on the day after submission. The envelope shall include the words "COURTESY COPIES FOR UNDER SEAL REQUEST."

## III. OTHER IMPORTANT INFORMATION REGARDING APPLICATIONS TO FILE UNDER SEAL:

1. All applications must provide the reason(s) why the parties' interest

Case 2:12-cv-03455-JAK-SS   Document 132   Filed 02/26/13   Page 20 of 21   Page ID #:1478

in maintaining the confidentiality of the document(s) outweighs the public's right of access to materials submitted in connection with a judicial proceeding.

2. All applications must identify which portions of the documents to be under seal are confidential.

3. If a party submits an application to file under seal soley because such materials have been designated as confidential by one or more parties pursuant to a protective order, **the application will be denied** unless the Court receives within 48 hours from the notice of filing a document providing (1) the reasons the document should be filed under seal; and (2) the portions within the document that are confidential. This document shall be entitled: "ADDENDUM TO APPLICATION TO FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER".

4. The title of the pleading will be placed on the public docket entry. For example: "Declaration of John Doe, Exhibit A." If approved, the document itself will be sealed and not viewable by the public, but the entry (title) will be indicated in the docket entry, which may be viewed by the public.

5. Counsel shall adhere to L.R. 5−4.3.1 with respect to the size of the PDF and, prior to submitting any document(s) to the Court for consideration, shall review each such document to confirm that none is presented with any missing pages.

6. All PDF documents shall be searchable.

7. Exhibits can either be attached to the document to which it refers or submitted as a separate Adobe PDF. Any separate filing shall contain a title page pursuant to L.R. 11−3.8, which shall indicate the exhibits attached thereto, e.g., "Exhibits 1−10 to Defendant's Motion for Dismiss".

ORDER RE PILOT PROGRAM FOR UNDER SEAL DOCUMENTS

8.     Proposed orders granting or denying a motion are not required.

**IT IS SO ORDERED.**

DATED: July 26, 2013

_____
John A. Kronstadt
United States District Judge