Honorable Patricia L. Collins (ret.)
ADR SERVICES, INC.
1900 Avenue of the Stars, Suite 250
Los Angeles, California 90067-4303
(310) 201-0010 PH
(310) 201-0016 FAX

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE ALERT EMRGENCY RESPONSE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONNECT AMERICA.COM, LLC, et al., <br><br> Defendants. | **Case No: CV 13-03455** <br> **JAK (SS)** <br><br> **SPECIAL MASTER REPORT #1** |

On August 8, 2014, the Hon. Patricia L. Collins (retired), serving as Special Master pursuant to the Court's Order dated June 9, 2014 presided over a telephonic hearing in the above referenced matter. Ralph Loeb and Danielle Levine appeared for Life Alert Emergency Response, Inc. ("Life Alert"). William Armstrong and Joseph Lipari appeared for LifeWatch Inc. ("LifeWatch") and Evan Sirlin.

I. BACKGROUND

Life Alert and LifeWatch are both in the business of providing personal emergency response services. Life Alert owns various trademarks, including "Help, I've Fallen and I Can't Get Up" and "I've Fallen and I Can't Get Up." According to Life Alert, telemarketers procured

(and continue to procure) subscribers for LifeWatch by infringing on Life Alert's trademarks and allowing their independent contractors/telemarketers to imply that they are calling on behalf of Life Alert. (the alleged "Phone Scam"). Life Alert has obtained 150,000 audio recordings of such telemarketing calls, a few of which it previously submitted to the Court in support of its successful Motion for Preliminary Injunction. Approximately 5000 of these recordings evidence a telephone conversation that leads to a consummated sale. Life Alert has subpoenaed additional recordings and expects to obtain hundreds, if not thousands, more.

Life Alert and LifeWatch have entered into a stipulated Protective Order governing discovery. They expressly excluded customer information from this Order, as they disagreed about the discoverability of customer information and whether Life Alert should be permitted to contact LifeWatch customers.

II. ISSUE PRESENTED

Life Alert now requests that LifeWatch produce customer lists identifying the customer and their contact information for all customers obtained from January 1, 2012 through the present, from Worldwide Info Services, Inc., Global Interactive Technology Inc., The Consumer Voice a/k/a the Credit Voice, Inc., a/k/a Absolute Solutions Group Inc., American Innovative Concepts Inc., National Life Network Inc., Arcagen Inc., Live Agent Response 1 LLC, and Unique Information Services, Inc. Life Alert has requested the customers procured by the above telemarketers, as these telemarketers have been sued by the FTC in a lawsuit in Florida that alleges that these telemarketers participated in the Phone Scam. Life Alert has proposed a draft Protective Order to govern disclosure of such information, including a provision for Attorneys' Eyes Only.[1]

LifeWatch objects, contending that Life Alert has not demonstrated a legitimate need for its highly valuable customer list, which is entitled to heightened protection. LifeWatch also asserts the privacy interests of its customers. Finally, LifeWatch argues that, if the list were produced for Attorneys Eyes Only, opposing counsel Ralph Loeb should be excluded. LifeWatch

---

[1] The Proposed Protective order also provides for the production of documents that have been subpoenaed from third parties, but limits the production to exclude identifying customer information. Life Alert proposes that the requests for customer information be held in abeyance. LifeWatch did not raise any objection to this proposal.

contends that Mr. Loeb is "engaged in competitive decision-making" for Life Alert and should be precluded from access to the customer list, citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992). LifeWatch proposes it produce customer information *only* for those customers who have complained to LifeWatch that they had expected to receive Life Alert's product. Alternatively, they will produce first names only, along with state of residence, payment information and the identity of the outside seller (e.g. telemarketing entity).

LifeWatch also requests that the Special Master order Life Alert to produce all of the telemarketing audio recordings that it has in its possession, which recordings it has obtained pursuant to its lengthy investigation of LifeWatch's solicitation methods.

Life Alert argues that it needs the LifeWatch customer list to identify those sales, consummated in the 5000 telemarketing recordings, that resulted in a LifeWatch subscriber. Apparently, these recordings identify the subscriber details, but do not disclose whether this subscriber became a LifeWatch subscriber. (Life Alert proposes to defer discussion of any restrictions on its contacting these customers until after it has identified those LifeWatch subscribers who had been procured via the Phone Scam. Life Alert proposes that it would make no contact until restrictions were in place.) Life Alert is also reluctant to produce the 5000 telemarketing tapes to LifeWatch, before Lifewatch produces its customer list, as it fears that LifeWatch will simply remove from its list, the names of customers identified in the recorded Phone Scam conversations.

III. CONCLUSION AND RECOMMENDATION

The Special Master concludes that Life Alert has established good cause for obtaining the identities of those LifeWatch subscribers who were procured through the alleged Phone Scam. However, it has not demonstrated that every customer that LifeWatch procured through the above telemarketers was the victim of the Phone Scam.

The Special Master recommends the following. LifeWatch be ordered to produce to the Special Master its list of all customers procured through solicitations by each of the above referenced telemarketers. Simultaneous with this production, Life Alert should produce to LifeWatch all of its telemarketing tapes and also produce to the Special Master and LifeWatch a list of the subscribers identified on those 5000 tapes in which a transaction is consummated and Life Alert contends illegal methods were used (the "Phone Scam List"). The parties will attempt to agree on the selection of a neutral paralegal or clerical third party who, under the Special

Master's supervision, will compare the approximate 5000 names from the Phone Scam List with the LifeWatch customer list.[2]  The Special Master would then provide to Life Alert the names of any LifeWatch customers found on the Phone Scam List.  As to these customers only, LifeWatch would be required to provide to Life Alert identifying information for these customers, subject to a Protective Order restricted to Attorneys Eyes Only.

LifeWatch also argues that it should not be required to disclose its highly confidential customer information, based solely on *Life Alert's opinion* that the 5000 recordings evidence illegal solicitation methods.  As LifeWatch will have an opportunity to review all of the recordings that involve their customers (a subset of the 5000, the size of which is currently known at best only to LifeWatch), they will have an opportunity to contest the release of any particular customer's information.

The Special Master also concludes that LifeWatch has not established that Ralph Loeb is engaged in "competitive decision-making" for Life Alert and there is no basis to exclude Loeb from Attorneys' Eyes Only documents.  Life Alert contends that Loeb is strictly outside counsel for Life Alert and is its agent for service of process.  Life Alert represents that he is not involved in board or management meetings, or in marketing or product development.  In an attempt to meet their burden here, LifeWatch offers a single email from Loeb in response to an email from LifeWatch's CEO, Evan Sirin.  Sirin's email was directed to Loeb in March 2013, when Loeb was investigating the infringement claims for Life Alert as its outside counsel.  In the email to Loeb, Sirin offered to sell accounts and wanted to speak to Life Alert's CEO.  Loeb advises Sirin that his proposal is too vague for him to pass on to Life Alert. The Special Master finds that this single email exchange is insufficient to establish that Loeb is engaged in "competitive decision-making." LifeWatch asks to conduct discovery on this issue before Loeb is allowed to see any documents.  The Special Master recommends this request be denied, as there is nothing to suggest that Loeb is anything but outside counsel, and the discovery request appears to be a fishing expedition.

*//*

---

[2] While the Special Master could perform this comparison, it would be more efficient and cost effective if a clerical person could perform this task.

4

SPECIAL MASTER REPORT #1

     If the Court concurs with the above recommendation, the Parties should submit a revised Proposed Protective Order.

     Respectfully submitted.

DATE: August 14, 2014

_____
HON. PATRICIA L. COLLINS, (RET.)
Special Master