Honorable Patricia L. Collins (ret.)
ADR SERVICES, INC.
1900 Avenue of the Stars, Suite 250
Los Angeles, California 90067-4303
(310) 201-0010 PH
(310) 201-0016 FAX

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE ALERT EMRGENCY RESPONSE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONNECT AMERICA.COM, LLC, et al., <br><br> Defendants. | **Case No: CV 13-03455** <br><br> **JAK (SS)** <br><br> **SPECIAL MASTER REPORT #2** |

On September 9 & 16, 2014, the Hon. Patricia L. Collins (retired), serving as Special Master pursuant to the Court's Order dated June 9, 2014 presided over telephonic hearings in the above referenced matter. Ralph Loeb and Danielle Levine appeared for Life Alert Emergency Response, Inc. ("Life Alert"). Joseph Lipari appeared for LifeWatch Inc. ("LifeWatch") and Evan Sirlin.

I. BACKGROUND

Life Alert and LifeWatch are both in the business of providing personal emergency response services. Life Alert owns various trademarks, including "Help, I've Fallen and I Can't Get Up", "I've Fallen and I Can't Get Up" and "Life Alert". According to Life Alert,

telemarketers procured (and continue to procure) subscribers for LifeWatch through "illegal and fraudulent telemarketing operations" including, but not limited to, "targeting seniors with unsolicited phone calls made with recorded messages(commonly known as "robo-calling"), including phone calls to persons on government "Do Not Call" lists", infringing on Life Alert's trademarks and implying that they are calling on behalf of Life Alert (the alleged "Phone Scam")(First Amended Complaint, Paragraph 64, Dkt. No. 37). Through its own investigation, Life Alert has identified persons that it believes have been victims of the alleged Phone Scam, some of which have thus far been determined to have been former or current LifeWatch customers ("Life Alert List"). Life Alert's attorneys and/or persons employed by Life Alert's attorneys have contacted some of the persons on the Life Alert List in connection with Life Alert's attorneys' investigation and preparation of Life Alert's case in this action ("Life Alert Attorney Contacts").

Furthermore, through its own investigation, Life Alert obtained approximately 150,000 audio recordings of telephone calls relating to the alleged Phone Scam("Initial Recordings"), a few of which it previously submitted to the Court in support of its successful Motion for Preliminary Injunction. To date, Life Alert allegedly determined that the Initial Recordings evidence telephone conversations that led to approximately 5000 consummated sales of medical alert systems. Life Alert also recently obtained an additional more than 2 million audio files in response to a document subpoena it served on Robb Evans & Associates, LLC, the Receiver appointed in the action entitled, *Federal Trade Commission, et al. v. Worldwide Service, Inc. et al,* Case No. 6:14-cv-0008 JA-DAB("the FTC Action") (The "Additional 2 Million Recordings"). The Receiver obtained the Additional 2 Million Recordings from defendants in the FTC Action. Life Alert has also subpoenaed additional recordings from third party telemarketers who are not defendants in the FTC Action, which subpoenas remain outstanding (the "Outstanding Third Party Subpoenas").

Life Alert alleges that it has received, and continues to receive, complaints from consumers complaining about the Phone Scam, some of which have thus far been determined to be either former or current LifeWatch customers (hereafter, the "Complaining Consumers").

Life Alert and LifeWatch previously entered into a stipulated Protective Order governing discovery. They expressly excluded customer information and contact with customers from this

Order, as they disagreed about the discoverability of customer information and whether Life Alert should be permitted to contact LifeWatch customers.

The Special Master previously recommended, and the court has subsequently adopted, a plan whereby LifeWatch is ordered to produce to the Special Master its list of all customers procured through solicitations by Worldwide Info Services, Inc., Global Interactive Technology Inc., The Consumer Voice a/k/a the Credit Voice, Inc., a/k/a Absolute Solutions Group Inc., American Innovative Concepts Inc., National Life Network Inc., Arcagen Inc., Live Agent Response 1 LLC, Unique Information Services, Inc., Elite Information Solutions Inc. and Global Services Providers, Inc. This list will contain, at a minimum, the names, addresses and contact telephone numbers for said LifeWatch customers and will date back to January 1, 2012. ("LifeWatch Customer List"). Within one business day of receipt of confirmation that LifeWatch has produced a copy of the LifeWatch Customer List to the Special Master, Life Alert will produce to LifeWatch the Initial Recordings, the Additional 2 Million Recordings and the Life Alert List subject to a Protective Order restricted to Attorneys Eyes Only, a copy of which is attached hereto as Exhibit "A"("Protective Order Re: Customer Information"). Life Alert shall also produce to the Special Master a copy of the Life Alert List.

The Special Master has advised the parties that she plans to retain the services of Michael Wolfberg, a paralegal, who will compare the Life Alert List and LifeWatch List and identify those LifeWatch customers who are on the Life Alert List. Additionally, the services of Peter Garza, of DTI, ("Computer Neutral"), will be jointly retained by the parties to prepare a list of LifeWatch customers as to whom there are recordings included in the Additional 2 Million Recordings ("Additional 2 Million Recordings List").[1] The Special Master will subsequently provide to both parties the names, addresses and contact phone numbers of any LifeWatch customers that are: (1) on both the LifeWatch Customer List and the Life Alert List, and/or (2) on the Additional 2

---

[1] The recordings of LifeWatch Customers that are included in the Additional 2 Million Recordings can be retrieved by conducting a search with a customer's phone number. In order to determine which of recordings included in the Additional 2 Million Recordings relate to LifeWatch customers, the Computer Neutral will be provided a copy of the LifeWatch Customer List by the Special Master and will use the phone numbers on that list to search the Additional 2 Million Recordings and prepare the Additional 2 Million Recordings List.

Million Recordings List (hereafter, the "LifeWatch Matched Customers") subject to the Protective Order Re: Customer Information.

## II. ISSUES PRESENTED

A. <u>Restrictions on Contact With LifeWatch Customers.</u>

LifeWatch has requested that Life Alert be precluded from contacting its customers..

The Special Master draws a distinction regarding contacts with respect to the Complaining Consumers and LifeWatch customers that have been the subject of the Life Alert Attorney Contacts. As to the Complaining Consumers, the Special Master does not believe it necessary or warranted to impose any restrictions on communications between Life Alert and the Complaining Consumers. These consumers have initiated contact with Life Alert voluntarily. New Complaining Consumers are allegedly contacting Life Alert daily. Life Alert has been having ongoing communications with these Complaining Consumers, in part to effect damage control for any negative impact inflicted by the Phone Scam and to further its investigation of the Phone Scam and trial preparation of its attorneys. With respect to any LifeWatch customers that have been the subject of Life Alert Attorney Contacts, there is no reason to believe that Life Alert's attorneys are motivated to either steal LifeWatch customers or utilize any tactic to steal LifeWatch customers.

As to the LifeWatch Matched Customers who are not Complaining Consumers and have not been the subject of the Life Alert Attorney Contacts, Life Alert contemplates that it may want to contact them through interviews, surveys or otherwise, but has agreed to hold the issues regarding its contacts with them in abeyance. Accordingly, Life Alert has agreed not to initiate contact with them unless and until it obtains a further ruling from the Special Master or an appropriate order and after the parties have been afforded the opportunity to fully brief the issue before the Special Master and the opportunity to object to any applicable Special Master report, as set forth in the Special Master Appointment Order ("Further Customer Contact Order"). Furthermore, LifeWatch has agreed that its attorneys will not initiate contact and it will not initiate contact for the purposes of this litigation with the LifeWatch Matched Customers unless and until it obtains a Further Customer Contact Order.[2] .

---

[2] These restrictions on customer contact shall also apply to

4

### B. Discovery by LifeWatch of Life Alert Contacts with LifeWatch Customers.

LifeWatch also seeks the identity of all LifeWatch customers with whom Life Alert has had contact. Life Alert objects on the grounds of work product. The Special Master agrees that work product protections limit discovery here, but only marginally. Life Alert need not identify all of the witnesses that it has contacted to prepare its case. Such a list would reveal the mental processes of the Life Alert attorneys. However, to the extent Life Alert's attorneys' contact with a LifeWatch customer reveals that a particular LifeWatch customer has knowledge of discoverable information or Life Alert or its attorneys have had contact with a LifeWatch customer that complained about the manner in which he/she was solicited, the identity of that LifeWatch customer should be provided to LifeWatch. [While the Special Master did not articulate this point during the hearing, she also believes that such discovery should be reciprocal. That is, if LifeWatch attorneys have contacted a customer who has discoverable information or LifeWatch or its attorneys have had contact with a LifeWatch customer that complained about the manner in which he/she was solicited, the identity of that LifeWatch customer should be provided to Life Alert.]

### C. The Outstanding Third Party Subpoenas.

After Life Alert served the third party subpoenas on outside sellers who solicited for LifeWatch, LifeWatch objected. Compliance with some of the Document Requests in the subpoenas was put on hold until resolution of the discoverability and use of LifeWatch customer information. Paragraph 4.3 of the Proposed Protective Order addresses these subpoenas.

At the last hearing, the Special Master agreed that Life Alert could now pursue limited compliance with the Outstanding Third Party Subpoenas, but with the understanding that they not initiate contact with LifeWatch customers identified in that production unless they are Complaining Consumers or have been the subject of Life Alert Attorney Contacts. [Specifically, Life Alert may demand production only responsive to Document Requests Nos 13, 14 and 16 as to Security Alert, Inc., Motivated Marketing, LLC, Instinctive Edge, and Direct Agent Response,

---

contacts made by LifeWatch personnel that are made for the purpose of this litigation.

and Document Requests No. 18, 19 and 21 as to TMI Management Group, Inc. and TMI Marketing Group, Inc. (collectively "TMI") The balance of the outstanding Document Requests would be held in abeyance.]. LifeWatch has no objection, provided Life Alert refrain from contacting the customers unless and until it obtains a Further Customer Contact Order. The parties agreed to defer discussion of a protocol until we learn the scope of what the outside sellers produce. Presently, the parties do not know if the outside sellers will produce any recordings, nor do they know either the volume or character of the customer information that will be included in the production.

Life Alert consequently should be allowed to send letters to the third parties to pursue the above referenced limited compliance with these Outstanding Subpoenas.

III. CONCLUSION AND RECOMMENDATION

The Special Master concludes that Life Alert should be allowed to contact LifeWatch customers that are Complaining Consumers and its attorneys may contact LifeWatch customers that have been the subject of Life Alert Attorney Contacts, without restriction. As to any other of the LifeWatch Matched Customers, Life Alert and its attorneys shall not initiate contact with them unless and until it obtains a Further Customer Contact Order. Similarly, LifeWatch's attorneys shall not initiate contact and it will not initiate contact for the purposes of this litigation with the LifeWatch Matched Customers unless and until it obtains a Further Customer Contact Order.

LifeWatch shall produce to the Special Master the Life Alert Customer List within 7 days of the entry of an order regarding this report. Within one business day of receipt of confirmation that LifeWatch has produced a copy of the LifeWatch Customer List to the Special Master, Life Alert shall produce to LifeWatch the Initial Recordings(and disclose the source of the Initial Recordings to LifeWatch), the Additional 2 Million Recordings and the Life Alert List subject to the Protective Order Re: Customer Information. Life Alert shall also produce to the Special Master a copy of the Life Alert List. Furthermore, the Special Master shall provide the LifeWatch Customer List directly to a the Computer Neutral and Life Alert will provide the Computer Neutral the Additional 2 Million Recordings so that it can prepare the Additional 2 Million Recordings List.

The Special Master will provide both parties lists of LifeWatch Matched Customers, including their names, addresses and contact phone numbers, from:(1) the comparison of the Life Alert List and the LifeWatch List and (2) the Additional 2 Million Recordings List.[3]  Within ten days of their receipt of the lists of LifeWatch Matching Customers from both the comparison of the Life Alert List and the LifeWatch List and Additional 2 Million Recordings List, the parties shall simultaneously exchange lists of LifeWatch customers that their attorneys have contacted who have knowledge of discoverable information or LifeWatch customers that the parties or their attorneys have contacted that complained about the manner in which he/she was solicited.

                                                Respectfully submitted.

DATE: November 4, 2014

                                                _/s/ Patricia L. Collins_

                                                HON. PATRICIA L. COLLINS, (RET.)

                                                Special Master

---

[3] This ruling regarding providing the parties the names, addresses and contact phone numbers of LifeWatch Matched Customers shall supersede anything to the contrary set forth in Special Master Report #1 including, but not limited to, on Page 4, lines 5-10 thereof.