```
 1  Ralph C. Loeb, Esq. (SBN#124773)
    Email: ralph@kranesmith.com
 2  KRANE & SMITH, APC
    16255 Ventura Boulevard, Suite 600
 3  Encino, California 91436
    Telephone: (818) 382-4000
 4  Facsimile: (818) 382-4001

 5  Jill M. Pietrini, Esq.
     Email: jpietrini@sheppardmullin.com
 6  Ryan S. Hilbert, Esq.
     Email: rhilbert@sheppardmullin.com
 7  SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
    1901 Avenue of the Stars, Suite 1600
 8  Los Angeles, CA 90067
    Tel: (310) 228-3700 / Fax: (310) 228-3701
 9
    Attorneys for Plaintiff
10  LIFE ALERT EMERGENCY RESPONSE, INC.
```

FILED
CLERK, U.S. DISTRICT COURT
DEC 16 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONNECT AMERICA.COM, LLC, a Delaware limited liability company, KENNETH GROSS, an individual, LIFEWATCH, INC., a New York corporation, EVAN SIRLIN, an individual, LIVE AGENT RESPONSE 1 LLC, a Florida limited liability, GREG SMALL, an individual, TRILOGY INVESTMENT, LLC, a Florida limited liability company, MICHAEL HILGAR, an individual, WORLDWIDE INFO SERVICES, INC., a Florida corporation and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: CV 13-03455-JAK (SSx)<br><br>[Assigned to the Honorable John A. Kronstadt]<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE: CUSTOMER INFORMATION<br><br>COMPLAINT FILED: May 14, 2013<br>TRIAL DATE: January 13, 2015<br><br>**EXHIBIT A** |

[~~PROPOSED~~] DISCOVERY ORER RE: CUSTOMER INFORMATION

1  **WHEREAS**, on February 21, 2014, a Stipulated Protective Order ("Protective
2  Order") was filed in this action;
3  **WHEREAS**, the Protective Order provided that: "Customer information is
4  excluded from this order. The parties have disagreements about the discoverability
5  of customer information and the protocols, if any, that should apply to contacting
6  customers in connection with this action. The parties are continuing to try to resolve
7  their disagreements and will either submit a further stipulation(s) regarding customer
8  information and/or seek Court intervention to resolve some or all of their
9  disagreements. In the interim, any customer information will be redacted until such
10 resolution is reached"; and
11 **WHEREAS**, the parties have not been able to resolve their disputes regarding
12 discovery of customer information in this action and having submitted those disputes
13 for resolution to the Honorable Patricia L. Collins, the appointed Special Master in
14 this action.
15 Having considered the recommendations of the Special Master, and good cause
16 shown, **IT IS HEREBY ORDERED THAT**:
17  1.  <u>CONFIDENTIAL CUSTOMER INFORMATION</u>
18 In addition to the "Confidential" and "Attorneys Eyes" only designations
19 permitted by the Protective Order, a party or non-party may designate information or
20 items that are produced in discovery in this action as "ATTORNEYS EYES ONLY/
21 CUSTOMER INFORMATION".
22  2.  <u>DEFINITION OF ATTORNEYS EYES ONLY/CUSTOMER</u>
23      <u>INFORMATION</u>
24 "ATTORNEYS EYES ONLY/ CUSTOMER INFORMATION" shall
25 constitute any confidential customer information that a party or non-party in good
26 faith believes is confidential.

[PROPOSED] DISCOVERY ORER RE: CUSTOMER INFORMATION

3.  **DISCLOSURE OF ATTORNEY'S EYES ONLY/CUSTOMER INFORMATION**

Unless otherwise ordered by the Court or permitted in a signed writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEY'S EYES ONLY/CONFIDENTIAL CUSTOMER INFORMATION" only to:

    (a)    the Designating Party himself or, herself or itself;

    (b)    the Receiving Party's outside counsel, which are Krane & Smith, APC, Sheppard, Mullin, Richter & Hampton, LLP, the Sultzer Law Group P.C. and Armstrong & Associates, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to be Bound By Protective Order Re: Customer Information" (Exhibit "A");

    (c)    Experts (as defined and limited in Paragraph 2.8 of the Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order Re: Customer Information" (Exhibit "A");

    (d)    the Court personnel assigned to this litigation;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order Re: Customer Information" (Exhibit "A");

    (f)    the author and recipients of the document or the original source of the information and;

    (g)    an agreed upon third party neutral that has signed the "Agreement to Be Bound by Protective Order Re: Customer Information"(Exhibit "A").

[PROPOSED] DISCOVERY ORER RE: CUSTOMER INFORMATION

4. <u>INTERIM RESTRICTION ON CONTACT WITH CUSTOMERS DISCLOSED THROUGH DISCOVERY</u>

Except as provided in Special Master Report #2 in this action, until they obtain a further ruling from the Special Master or an appropriate order after the parties have been afforded the opportunity to fully brief the issue before the Special Master and the opportunity to object to any applicable Special Master report as set forth in the Special Master Appointment Order, neither the parties nor their attorneys in this action shall contact any customer disclosed after the entry of this Order whose identity has been designated or deemed ATTORNEY'S EYES ONLY/CUSTOMER INFORMATION. Notwithstanding the foregoing, nothing herein shall preclude a party or its attorneys from contacting: (1) a party's own customers, (2) a customer that initiates contact with a party or its attorneys, (3) a customer that a party or its attorneys have contacted prior to the entry of this Order, or(4) a customer that a party or their attorneys have obtained consent to contact from the company that provides personal emergency response services to the customer.

6. <u>RETROACTIVE DESIGNATIONS</u>

Any party may retroactively designate materials previously disclosed by a party or third party as "ATTORNEYS EYES ONLY/CONFIDENTIAL CUSTOMER INFORMATION."

[PROPOSED] DISCOVERY ORER RE: CUSTOMER INFORMATION

7.  **MISCELLANEOUS**

Nothing in this Order shall abridge the right of a party in this action to seek further discovery regarding customer information. Other than modified by this Order, the Protective Order shall govern information designated as ATTORNEY'S EYES ONLY/CUSTOMER INFORMATION.

FOR GOOD CAUSE SHOWN.

**IT IS SO ORDERED:**

DATED: ~~November~~ Dec. 16, 2014

By: _____
Honorable Suzanne H. Segal
Magistrate Judge

[PROPOSED] DISCOVERY ORER RE: CUSTOMER INFORMATION

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and the Discovery Order Re: Customer Information that were issued by the United States District Court for the Central District of California in the case of *Life Alert Emergency Response, Inc. v. Connect America.com, LLC, et al.*, Case No. CV13-03455 JAK (SSX) and the Discovery Order Re: Customer Information. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order and the Discovery Order Re; Customer Information to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Protective Order and the Discovery Order Re: Customer Information , even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] DISCOVERY ORER RE: CUSTOMER INFORMATION

[PROPOSED] DISCOVERY ORER RE: CUSTOMER INFORMATION