1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   Jill M. Pietrini, (Cal. Bar No. 138335)
2    jpietrini@sheppardmullin.com
   Whitney Walters-Sachs (Cal. Bar No. 237781)
3    wwalters@sheppardmullin.com
   Benjamin O. Aigboboh, (Cal. Bar No. 268531)
4    baigboboh@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6055
   Telephone:  (310) 228-3700 / Facsimile: (310) 228-3701
6
   KRANE & SMITH, APC
7  Ralph C. Loeb (Cal. Bar No. 124773)
     ralph@kranesmith.com
8  16255 Ventura Boulevard, Suite 600
   Encino, California  91436
9  Telephone:  (818) 382-4000 / Facsimile: (818) 382-4001

10 Attorneys for Plaintiff,
   LIFE ALERT EMERGENCY RESPONSE, INC.
11
                      UNITED STATES DISTRICT COURT
12         CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION
13

| LIFE ALERT EMERGENCY RESPONSE, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONNECT AMERICA.COM, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | Case No. CV13-03455 JAK (SSx)<br><br>Judge:  Hon. John A. Kronstadt<br><br>**_EX PARTE_ APPLICATION FOR AN ORDER SETTING A STATUS CONFERENCE, OR IN THE ALTERNATIVE, MODIFYING THE PRETRIAL DEADLINES IN THE COURT'S ORDER DATED JANUARY 26, 2015**<br><br>Complaint Filed:   May 14, 2013<br>FAC Filed:   August 28, 2013 |
|---|---|

**TO THE ABOVE-CAPTIONED COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on Friday, January 30, 2015, Plaintiff Life Alert Emergency Response, Inc. ("Life Alert") will and hereby does submit this *ex parte* application pursuant Local Rule 7-19 and this Court's Initial Standing Order (Dkt. 5) for an order:  (i) setting a status conference as soon as possible and at the Court's earliest convenience, or in the alternative (ii) modifying the *discovery* deadlines (*i.e.,* the non-expert discovery cut-off, the initial and rebuttal expert disclosure deadlines, and the expert discovery cut-off) in the Court's order dated January 26, 2015, to reflect the Court's ruling that "[g]ood cause has been shown to extend all pretrial deadlines for 60 days."  (Dkt No. 256).

This application for a status conference is necessary to enable the parties to raise with the Court certain issues that have arisen with respect to implementation of Special Master Report #4 ("Report #4," Dkt. 245) in light of Magistrate Judge Segal's recent order dated January 23, 2015, on the parties' respective objections to Special Master Report #4 (the "Magistrate Judge's Order," Dkt. 257), and the pretrial schedule recently set by the Court on January 26, 2015 (Dkt. 258).

Given the impending non-expert discovery deadline of March 2, 2015 recently set by the Court, the timing of the progress of discovery, and the very substantial outstanding non-expert discovery that remains to be conducted, including discovery that has been recommended by the Special Master and ordered by Magistrate Judge Segal, Life Alert cannot file a properly noticed motion to be heard before the current discovery cut-off.  However, given that the Special Master has expressly recommended an extension of all deadlines due to the "enormity of the task" before the parties, Life Alert requests that the Court grant its application for a status conference to discuss a reasonable timeframe for completing the outstanding discovery in this matter.  Life Alert further requests that the Special Master be invited by the Court to attend the conference and share her views with the Court on

the extent of discovery remaining to be conducted by the parties and the time it will take to do so.

In the alternative, in the event the Court is not inclined to hold a status conference in the near term, Life Alert respectfully requests that, at a minimum, the Court's recent pretrial scheduling order be modified to incorporate discovery deadlines consistent with the Court's finding that "[g]ood cause has been show to extend all pre-trial deadlines for **60 days**." (Dkt. 258 at 1 (emphasis added).) An extension of the pretrial discovery deadlines (*i.e.,* non-expert discovery cut-off, initial and rebuttal expert disclosure deadlines, and expert discovery cut-off) by at least 60 days is crucial for the reasons articulated in Life Alert's application, particularly given the substantial discovery that remains to be conducted by both sides in accordance with the recent ruling of the Magistrate Judge (Dkt. No. 257) and pursuant to deadlines not yet set by the Special Master.

Life Alert's counsel notified counsel for LifeWatch and Defendants Live Agent Response 1 LLC, Greg Small, and Trilogy Investment LLC (collectively "Live Agent Parties") of the time, date, and substance of this *ex parte* application telephonically on January 30, 2015. (Loeb Decl. ¶¶ 8-9, Ex. E.) I also notified LifeWatch's counsel by email. (*Id.*) Despite Life Alert's repeated requests, counsel for LifeWatch has not stated whether it will oppose the application. (*Id.*) Counsel for the Live Agent Parties stated that they would not oppose the *ex parte* application or the extension of all deadlines in this matter. (*Id.*) Pursuant to the Court's Initial Scheduling Order, Life Alert hereby provides notice to LifeWatch and the Live Agent Parties that any oppositions filed by them must be filed no later than 24 hours or one court day following service of Life Alert's *ex parte* application.

This application is based on the accompanying memorandum of points and authorities, the attached Declaration of Ralph C. Loeb and the exhibits attached thereto, the attached Declaration of Jill M. Pietrini, all pleadings and other papers

filed in this case, matters of which this Court may take judicial notice, and such other evidence and argument as may be presented to the Court at any hearing on this application.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated: January 30, 2014       By:  */s/ Jill M. Pietrini*
                                    Jill M. Pietrini

Attorneys for Plaintiff
Life Alert Emergency Response, Inc.

# MEMORANDUM

Plaintiff Life Alert Emergency Response, Inc. ("Life Alert") makes this application for an order setting a status conference to enable the parties to raise with the Court certain issues that have arisen with respect to implementation of Special Master Report #4 ("Report #4," Dkt. 245) in light of Magistrate Judge Segal's recent order on the parties' respective objections to Report #4 (the "Magistrate Judge's Order," Dkt. 257), and this Court's pretrial scheduling order dated January 26, 2015 (Dkt. 258).

On January 8, 2015, Life Alert filed an unopposed *ex parte* application to continue all pretrial deadlines by 180 days or to dates and times acceptable to the Court. (Dkt. 251.) The numerous grounds for Life Alert's application included the magnitude and scope of the discovery still to be conducted by the parties under the continuing supervision of the Special Master appointed in this action. Given this, the Special Master expressly recommended an extension of all deadlines and authorized Life Alert to convey her support for a continuance to the Court.

Subsequent to the filing of Life Alert's *ex parte* application, on January 23, 2015, Magistrate Judge Segal issued a ruling on the parties' respective objections to Report #4 (the "Magistrate Judge's Order"). (Dkt. 257.) Specifically, Magistrate Judge Segal denied Defendant LifeWatch, Inc.'s ("LifeWatch") objections to Report #4, denied *in part* Life Alert's objections, and referred the matter back to the Special Master "for an order setting deadlines, as appropriate, for the service of discovery responses and data as described in the Report, and for the preparation and administration of a customer survey." (*Id.* at 21-22.)

Thereafter, on January 27, 2015, this Court issued an order on Life Alert's *ex parte* application, finding that "[g]ood cause has been shown to extend all pre-trial deadlines for 60 days." (Dkt. 258.) However, in adopting changes to the pretrial schedule, the Court extended for 60 days *only* the trial date and the date for the final

-1-

pretrial conference, status conference re exhibits, and hearing on motions *in limine*. The remaining pretrial discovery deadlines (*e.g.*, non-expert discovery cut-off, initial and rebuttal expert disclosure deadlines, and expert discovery cut-off) were extended by only approximately 30 days.  That day the parties held a telephone conference, during which Life Alert raised its concerns regarding the impending discovery deadlines implicated by Magistrate Judge Segal's recent order on the parties' respective objections to Special Master Report #4.  (Loeb Decl. ¶ 2.)  At that time, the parties' agreed the attempt to schedule a telephonic conference with the Special Master, and scheduled a conference with the Special Master on January 28, 2015.  (Loeb Decl. ¶ 2, Ex. A.)

      Accordingly, on January 28, 2015, Life Alert and LifeWatch appeared telephonically before the Special Master to discuss the impending discovery deadlines to be set by the Special Master in connection with the Magistrate Judge's Order.  During that conference, the parties and the Special Master also discussed the feasibility of completing the necessary discovery (including the exchange of the responses and data described in Report #4 and the customer survey ordered by Magistrate Judge Segal to be conducted) within the timeframe set forth in the Court's January 26, 2015 scheduling order.  (Loeb Decl. ¶ 3.)  At that time, both sides and the Special Master appeared to be in agreement that the deadlines imposed by the Court were too onerous in light of the scope and magnitude of the discovery still to be completed.  (Loeb Decl. ¶ 3.)  In that regard, the parties and the Special Master discussed their availability for a status conference to raise these timing issues with the Court, and LifeWatch's counsel and the Special Master gave their express approval to counsel for Life Alert to contact the Court's clerk to request a status conference to discuss modifying the deadlines set forth in the Court's order dated January 26, 2015.  (Loeb Decl. ¶ 3.)  After doing so, counsel for Life Alert relayed to opposing counsel and the Special Master the substance of the call with the Court's clerk (namely, that the Court's clerk advised that if the parties wanted to

request a status conference modifying the deadlines, they should file a written request including input from the Special Master) and sought the Special Master's availability to attend a status conference before this Court. (Loeb Decl. ¶ 4, Ex. B.)

In response, LifeWatch sent an email to Life Alert and the Special Master, stating that it "does not anticipate joining in an request to modify the litigation deadlines set forth in Judge Kronstadt's January 26th order" and objecting to the Special Master "attending a court conference and/or lending support to Life Alert's request for a further extension (e.g. directly calling Judge Kronstadt)." (Loeb Decl. ¶ 5, Ex. C.) The Special Master responded as follows:

> On the issue of the request for an extension, it appeared to me during our conversation yesterday that both parties were in favor of the extension. With that understanding, I was going to support the request. Apparently, things have changed. In that light, I would now speak to Judge Kronstadt *only* if he solicited my views. ***I do believe given the enormity of the task, additional time is warranted***.

(Loeb Decl. ¶ 6, Ex. D (emphasis added).)

At the same time that LifeWatch took this new position on the extension that Life Alert and the Special Master believe is necessary, LifeWatch questioned whether it needed to proceed with its supplemental discovery responses and document production in accordance with Report #4, which requires that "LifeWatch should serve further responses and produce responsive documents within 7 days of entry of an order." (Dkt. 245 at 18.) By Life Alert's calculation, LifeWatch's responses and production are due on January 30, 2015, as the Magistrate Judge issued an order on Report #4 on January 23, 2015. LifeWatch, by contrast, maintained that some other unspecified date should apply because the Magistrate Judge's Order did not expressly adopt the Report #4, and instead resubmitted the report to the Special Master with instructions. (Loeb Decl. ¶ 7, Ex. E.) However, when asked by the Special Master "[w]hen does LifeWatch believe their responses are due? I have reread the report and it says the responses are due within 7 days of the court's order concerning the report," (Loeb Decl. ¶ 6, Ex. D), LifeWatch had no

response.  In the meantime, the Special Master issued an order specifically directing LifeWatch to comply with Report #4 by producing its supplemental responses and documents by January 30, 2015.  (Loeb Decl. ¶ 7, Ex. E.)

Even assuming that LifeWatch complies with the Special Master's directive to supplement its discovery responses and produce all documents on January 30, 2015, Life Alert continues to believe that significantly more time is needed for the parties to complete the discovery recommended by the Special Master and ordered by Magistrate Judge Segal.  Indeed, both sides will require time to analyze and digest the other side's production before conducting approximately 12 party depositions and substantially more third party depositions in this case.  The Special Master is in full agreement that the parties will be unable to complete all of the necessary discovery within the time provided under the current schedule, and has stated:  ***I do believe given the enormity of the task, additional time is warranted***.  (Loeb Decl. ¶ 6, Ex. D (emphasis added).)  Life Alert, therefore, respectfully requests that the Court order a status conference to address these issues, preferably on February 5, 2015 (which is a date that the Court's Clerk mentioned may be available), and further requests that the Special Master be invited by the Court to attend the conference and convey her views to the Court regarding the amount of discovery remaining to be conducted by the parties and the additional time needed to complete it.

The following timeline constitutes Life Alert's best and most reasonable estimate of the time required to conduct and complete the outstanding non-expert discovery, including fact discovery that has been recommended by the Special Master and ordered by Magistrate Judge Segal:

- LifeWatch's supplementation of responses and production of documents in accordance with Report #4.  (Dkt. 245 at 7, 18.)           January 30, 2015
- Life Alert's supplementation of responses and production of documents in accordance with Report #4.  (*Id.* at 6.)           February 6, 2015

- Estimated completion of the Computer Neutral's matching names on list of phone scam victims against LifeWatch customer lists in accordance with Report #4.  (*Id.* at 2.)                                                February 20, 2015

- LifeWatch's supplementation of responses and production of documents related to affirmative defenses in accordance with Report #4.  (*Id.* at 14, 17.)                                                                February 20, 2015

- Completion of approximately 12 depositions of Life Alert party witnesses in Los Angeles and LifeWatch party witnesses in New York
                                                                                                         April 3, 2015

- Completion of survey of LifeWatch customers in accordance with Report #4 and as required by the Magistrate Judge's Order.  (*Id.* at 17; Dkt. 257 at 22.)
                                                                                                        May 29, 2015[1]

- Completion of a significant number of third party depositions throughout the United States                                                                July 3, 2015

Life Alert is available at the Court's convenience to provide a more detailed explanation to the Court as to why, in its view, it is critical for the parties to have at least until July 2015 to complete non-expert discovery in this case.  Life Alert will make itself available to do so whenever convenient for the Court, and respectfully requests that the Special Master be invited by the Court to be in attendance at any status conference scheduled by the Court.

In the event the Court is not inclined to hold a status conference in the near term, Life Alert respectfully requests that, at a minimum, the Court's recent pretrial scheduling order be modified to incorporate discovery deadlines consistent with the Court's finding that "[g]ood cause has been show to extend all pre-trial deadlines for 60 days."  (Dkt. 258 at 1.)  An extension of the pretrial discovery deadlines (*i.e.,* non-expert discovery cut-off, initial and rebuttal expert disclosure deadlines, and expert discovery cut-off) by at least 60 days is crucial for the reasons articulated in Life Alert's prior *ex parte* application, particularly given the substantial discovery that remains to be conducted by both sides in accordance with the recent ruling of

---

[1]   The attached declaration of Jill M. Pietrini identifies the substantial time required to complete a customer survey of this nature.  (*See* Pietrini Decl. ¶¶ 2-3.)

1  the Magistrate Judge (Dkt. No. 257) and pursuant to deadlines not yet set by the
2  Special Master.
3      Thus, Life Alert respectfully requests that the below modifications to the
4  pretrial schedule be adopted by the Court.  These modifications relate only to
5  deadlines for *discovery*.  No changes have been proposed to the deadline for the last
6  day for hearing motions, the date for the final pretrial conference, status conference
7  re exhibits, and hearing on motions *in limine*, or the trial date:

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| Non-Expert Discovery Cut-Off | March 2, 2015 | April 3, 2015 |
| Initial Expert Disclosures | March 9, 2015 | April 7, 2015 |
| Rebuttal Expert Disclosures | March 23, 2015 | April 21, 2015 |
| Joint Report Re Settlement Efforts | April 3, 2015 | April 3, 2015 |
| Last Day for Hearing Motions | April 6, 2015 | April 6, 2015 |
| Expert Discovery Cut-Off | April 13, 2015 | May 8, 2015 |
| Final Pretrial Conference, Status Conference re Exhibits, Hearing on Motions *in Limine* | June 15, 2015 | June 15, 2015 |
| Trial | June 30, 2015 | June 30, 2015 |

                    Respectfully submitted,


                    SHEPPARD MULLIN RICHTER & HAMPTON LLP


Dated:  January 30, 2015     By        /s/ Jill M. Pietrini
                                     JILL M. PIETRINI

                    Attorneys for Plaintiff Life Alert Emergency
                              Response, Inc.

-6-

**Proof Of Service For:**
*Life Alert Emergency Response, Inc.* v. *Connect America.Com, LLC*
**Case No. CV13-03455 JAK (SSx)**

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, California 90067-6055.

On **January 8, 2015**, I served the following document(s) described as ***EX PARTE APPLICATION FOR AN ORDER SETTING A STATUS CONFERENCE, OR IN THE ALTERNATIVE, MODIFYING THE PRETRIAL DEADLINES IN THE COURT'S ORDER DATED JANUARY 26, 2015*** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| **Jason Sultzer / Joseph Lipari**<br>**The Sultzer Law Group**<br>**77 Water Street, 8th Floor**<br>**New York, New York 10005**<br>**Phone: 646-722-4266 / Fax: 888-749-7747**<br>**Email:** sultzerj@thesultzerlawgroup.com<br>         liparij@thesultzerlawgroup.com | **William Armstrong**<br>**Armstrong & Associates, LLP**<br>**One Kaiser Plaza, Suite 625**<br>**Oakland, California 94612**<br>**(510) 433-1191**<br>**Email:** bill.armstrong@armstrongetal.com |
| **Gregory B. Wood**<br>**Todd M. Malynn**<br>**Feldman Gale, P.A.**<br>**880 West First Street, Suite 315**<br>**Los Angeles, CA 90012**<br>**Tel: 213-625-5992**<br>**Fax: 213-625-5993**<br>**Email:** gwood@feldmangale.com<br>         tmalynn@feldmangale.com | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 30, 2015, at Los Angeles, California.

/s/ Brenda Smith
Brenda Smith

SMRH:436249078.4

-7