UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC. a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNECT AMERICA.COM, LLC, a Delaware limited liability company, KENNETH GROSS, an individual, LIFEWATCH, INC., a New York corporation, EVAN SIRLIN, an individual, LIVE AGENT RESPONSE 1 LLC, a Florida limited liability company, GREG SMALL, an individual, TRILOGY INVESTMENT, LLC, a Florida limited liability company, MICHAEL HILGAR, an individual, WORLDWIDE INFO SERVICES, INC., a Florida corporation and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. CV13-03455 JAK (SSx)<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge:  Hon. John A. Kronstadt |

FINAL JUDGMENT AND PERMANENT INJUNCTION

STIPULATED JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Life Alert Emergency Response, Inc. ("Life Alert") and Defendants LifeWatch, Inc. and Evan Sirlin ("LifeWatch Defendants") consent to entry of this Stipulated Judgment and Permanent Injunction, and agree and stipulate as follows:

The stipulating parties admit that, for purposes set forth in this Stipulated Judgment and Permanent Injunction , the Court has both personal jurisdiction over them and subject matter jurisdiction over this action, without admitting any of the other allegations raised by any party;

Without admitting any of the allegations raised in Life Alert's First Amended Complaint (Dkt. 35) or the LifeWatch Defendants' Counterclaims (Dkt. 63 and 120), the stipulating parties waive entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure; The stipulating parties waive any right they may have to appeal the entry of this Stipulated Judgment and Permanent Injunction;

Nothing in this Stipulated Judgment and Permanent Injunction is intended by the parties to either create any rights in or grant any cause of action to any person or entity, public or private, not a party to this Stipulated Judgment and Permanent Injunction.

**ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The LifeWatch Defendants, MedGuard Alert, Inc.("MedGuard") and any of their subsidiaries, officers, directors, employees, successors, and related companies (collectively, the "Enjoined Parties"), are permanently enjoined from:

    a. Using the following Life Alert trademarks: I'VE FALLEN AND I CAN'T GET UP!, U.S. Registration No. 3,255,726; LIFE ALERT, U.S. Registration No. 2,552,506; LIFE ALERT YOU

ARE NEVER ALONE 24/7, U.S. Registration No. 3,212,604; LIFE ALERT MOBILE, U.S. Registration No. 4,053,816; HELP, I'VE FALLEN AND I CAN'T GET UP!, U.S. Registration No. 4,559,120; LIFE ALERT EMERGENCY RESPONSE, INC.; LIFE ALERT THE LIFE SAVING NETWORK (collectively, "the Life Alert Trademarks");

b. Working, through a contract or other agreement, with any person or entity whom any of them knows, or after a reasonable inquiry should know, is providing telemarketing services for medical alert services by using any of the Life Alert Trademarks;

c. Having the LifeWatch Defendants or MedGuard or any of their subsidiaries, successors or related companies acquire from a person or entity any customers or customer accounts that the LifeWatch Defendants or MedGuard or any of their officers or directors, knows or after a reasonable inquiry should know, were obtained through the use of any of the Life Alert Trademarks either; (i) directly by such person or entity; or (ii) indirectly by such person or entity, i.e., by the actions of third-party telemarketers who have been engaged by such person or entity.

d. Representing or implying that any of their products or services, is in any way sponsored by, affiliated with, or endorsed or licensed by Life Alert;

e. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or rendering any services using any of the Life Alert Trademarks;

STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

  f. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1(a) to (e) above.

2. The Enjoined Parties are further permanently enjoined from:

  a. Violating the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227) in initiating any telemarketing calls related to their products or services including, but not limited to, violations caused by initiating autodialed and/or prerecorded message calls without the requisite level of prior consent from the recipient (*see* 47 U.S.C. § 227(b)), or calling a consumer on the Federal Do Not Call list without the requisite Established Business Relationship (*see* 47 U.S.C. § 227(c));

  b. Violating the Telemarketing Sales Rule ("TSR") (16 C.F.R. § 310, *et. al.*), including but not limited to violations of 16 C.F.R. § 310.3(a)(2)(vii), which would forbid a caller from falsely identifying itself as being affiliated with or endorsed by Life Alert, and to violations of 16 C.F.R. § 310.4(a)(8), which requires that the telemarketer's telephone number and/or name will be provided to any caller identification service, and that no other misleading name (such as "Life Alert") will be substituted to populate the caller identification field;

  c. Violating the FCC's implementing regulations for the TCPA, contained in 47 C.F.R. § 64.1200 *et. al.*, which require (amongst other things) that telemarketing calls be within certain specified hours, do not tie up multiple lines of a business at once, do not disconnect before four rings or 15 seconds, and/or be abandoned beyond a specified rate after a recipient answers. *See, e.g.,* 47

-3-

STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

                    C.F.R. § 64.1200 (a)(5-7) and (c);

      d.    Retaining or authorizing any other person or entity to telemarket products or services in any manner that they know, or after reasonable inquiry should know, is violating the TCPA, the TSR, or 47 C.F.R. § 64.1200, as described above; and

      e.    Misrepresenting that the products or services of the LifeWatch Defendants or any of their subsidiaries, successors or related companies are recommended by the American Heart Association, American Diabetes Association or the National Institute of Aging.

    3.    Should the LifeWatch Defendants or MedGuard or any of their officers, directors or employees learn that any person or entity retained by the Enjoined Parties is violating Sections 1 or 2 of this Stipulated Judgment and Permanent Injunction, including but not limited to using the Life Alert Trademarks (either; (i) directly by such person or entity; or (ii) indirectly by such person or entity, i.e., by the actions of third-party telemarketers who have engaged by such person or entity) in any telemarketing calls and/or is falsely representing or implying in telemarketing calls to have some affiliation with Life Alert (e.g., by representations of sales agents or caller identification fields on a recipient's phone), the LifeWatch Defendants and MedGuard shall demand in writing that such violations cease immediately, and shall notify Life Alert in writing of both of the issue and of their responsive actions within five business days of learning of such actions. Moreover, the LifeWatch Defendants and MedGuard shall assist Life Alert with its investigation into any such violations by providing, upon request, information that is in their possession or reasonably available to them.

    4.    The LifeWatch Defendants and MedGuard shall notify those with whom they have entered Purchase Agreements, *e.g.* Dkt. 175 and Dkt. 178, or

similar contracts, and with whom they continue to do business, of this Stipulated Judgment and Permanent Injunction by providing a copy of it to them, and where consistent with its rights under the terms of such agreements, shall direct such persons or entities to make the same notification to those telemarketers with whom each contracts with respect to the promotion and sale of their products and services.

5. This Stipulated Judgment and Permanent Injunction shall be binding upon the Enjoined Parties upon entry by the Court without further notice to any party. The Court shall retain jurisdiction of this matter for purposes of enforcement, performance and modification of the Stipulated Judgment and Permanent Injunction, to resolve any disputes between the parties arising or relating to this action, or the dismissal of the parties' claims and counterclaims against each other and/ or the nature of the resolution of those claims and counterclaims including disputes arising or related thereto between the parties or with MedGuard.

6. No bond shall be required to secure this Stipulated Judgment and Permanent Injunction.

7. The claims in Life Alert's First Amended Complaint against the LifeWatch Defendants and the LifeWatch Defendants' Counterclaims against Life Alert that are not adjudicated by this Stipulated Judgment and Permanent Injunction, are hereby dismissed with prejudice.

8. Life Alert and the LifeWatch Defendants shall bear their own costs and attorneys' fees incurred in connection with one another in this action up to the entry of the Final Judgment and Permanent Injunction.

9. The Court expressly determines that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for the delay of an entry of Final Judgment as to

Life Alert and the LifeWatch Defendants.

Dated: March 27, 2015

_____
HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE