1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONNECT AMERICA.COM, LLC, a Delaware limited liability company; KENNETH GROSS, an individual; LIFEWATCH, INC., a New York corporation; EVAN SIRLIN, an individual; LIVE AGENT RESPONSE 1 LLC, a Florida limited liability company; GREG SMALL, an individual; TRILOGY INVESTMENT, LLC, a Florida limited liability company; WORLDWIDE INFO SERVICES, INC, a Florida corporation; MICHAEL HILGAR, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CV13-03455 JAK (SSx)<br><br>Judge: Hon. John A. Kronstadt<br><br>**JUDGMENT AS TO DEFENDANTS CONNECT AMERICA.COM LLC, KENNETH GROSS, LIFEWATCH, INC., EVAN SIRLIN, LIVE AGENT RESPONSE 1 LLC, GREG SMALL, TRILOGY INVESTMENT, LLC, M ICHAEL HILGAR AND WORLDWIDE INFO SERVICES, INC.**<br><br>**JS-6**<br><br>Complaint Filed:  May 14, 2013<br>FAC Filed:  August 28, 2013 |

Pursuant to the Court's Orders dated July 28, 2015 (Dkt. 311) and August 26, 2015 (Dkt. 314) and Plaintiff Life Alert Emergency Response, Inc.'s ("Life Alert") Further Submission Re: Proposed Amended Judgment (Dkt. 315), the Court hereby enters judgment as to Defendants Connect America.com, LLC, Kenneth Gross, LifeWatch, Inc., Evan Sirlin, Live Agent Response 1 LLC, Greg Small, Trilogy Investment, LLC, Michael Hilgar and Worldwide Info Services, Inc. as follows.

### A. As To Defendants Connect America.com, LLC and Kenneth Gross

On February 4, 2014, Defendants Connect America.com, LLC and Kenneth Gross were dismissed from this action with prejudice pursuant to a stipulation they entered into with Life Alert. (Dkt. 127.)

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Life Alert's claims in its First Amended Complaint against Defendants ConnectAmerica.com, LLC and Kenneth Gross in this action were dismissed with prejudice as of February 4, 2014 pursuant to Fed. R. Civ. P. 41(a).

2. Life Alert and Defendants ConnectAmerica.com, LLC and Kenneth Gross shall each bear their own costs and attorneys' fees as incurred in connection with one another in this action.

3. Pursuant to Fed. R. of Civ. P. 41(a)(2), the Court retains jurisdiction over Life Alert and Defendants ConnectAmerica.com, LLC and Kenneth Gross for the purpose of making any orders necessary to resolve any disputes between Life Alert and Defendants ConnectAmerica.com, LLC and Kenneth Gross arising or relating to this action, the dismissal of Life Alert's claims against Defendants ConnectAmerica.com, LLC and

Kenneth Gross in the action, the subject matter of this action, and/or the nature of their resolution.

### B. As To Defendants LifeWatch, Inc. and Evan Sirlin

On March 11, 2015, Life Alert and Defendants LifeWatch, Inc. and Evan Sirlin ("LifeWatch Defendants") stipulated to entry of a stipulated judgment and permanent injunction. (Dkt. 288 and 288-1.) On March 27, 2015, the Court entered a stipulated judgment and permanent injunction as to the claims and counterclaims between Life Alert and Defendants LifeWatch, Inc. and Evan Sirlin in this action pursuant to Fed. R. Civ. P. 54(b). (Dkt. 290.) The stipulated judgment and permanent injunction entered by the Court on March 27, 2015 stated that Life Alert and the LifeWatch Defendants agreed and stipulated as follows:

"The stipulating parties admit that, for purposes set forth in this Stipulated Judgment and Permanent Injunction, the Court has both personal jurisdiction over them and subject matter jurisdiction over this action, without admitting any of the other allegations raised by any party;

Without admitting any of the allegations raised in Life Alert's First Amended Complaint (Dkt. 35) or the LifeWatch Defendants' Counterclaims (Dkt. 63 and 120), the stipulating parties waive entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure; The stipulating parties waive any right they may have to appeal the entry of this Stipulated Judgment and Permanent Injunction;

Nothing in this Stipulated Judgment and Permanent Injunction is intended by the parties to either create any rights in or grant any cause of action to any person or entity, public or private, not a party to this Stipulated Judgment and Permanent Injunction." (Dkt. 290.)

On July 28, 2015, the Court ordered Life Alert to "submit a proposed, amended judgment that will replace the present judgment that has been entered [as to the LifeWatch Defendants] (Dkt. 290) so that there will be a single judgment in

-2-

this action." (Dkt. 311.) On August 28, 2015, Life Alert submitted a proposed amended judgment pursuant to the Court's July 28, 2015 order. (Dkt. 315.)

**ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The LifeWatch Defendants, MedGuard Alert, Inc. ("MedGuard") and any of their subsidiaries, officers, directors, employees, successors, and related companies (collectively, the "Enjoined Parties"), are permanently enjoined from:

    a. Using the following Life Alert trademarks: I'VE FALLEN AND I CAN'T GET UP!, U.S. Registration No. 3,255,726; LIFE ALERT, U.S. Registration No. 2,552,506; LIFE ALERT YOU ARE NEVER ALONE 24/7, U.S. Registration No. 3,212,604; LIFE ALERT MOBILE, U.S. Registration No. 4,053,816; HELP, I'VE FALLEN AND I CAN'T GET UP!, U.S. Registration No. 4,559,120; LIFE ALERT EMERGENCY RESPONSE, INC.; LIFE ALERT THE LIFE SAVING NETWORK (collectively, "the Life Alert Trademarks");

    b. Working, through a contract or other agreement, with any person or entity whom any of them knows, or after a reasonable inquiry should know, is providing telemarketing services for medical alert services by using any of the Life Alert Trademarks;

    c. Having the LifeWatch Defendants or MedGuard or any of their subsidiaries, successors or related companies acquire from a person or entity any customers or customer accounts that the LifeWatch Defendants or MedGuard or any of their officers or directors, knows or after a reasonable inquiry should know, were obtained through the use of any of the Life Alert Trademarks either; (i) directly by such person or entity; or (ii) indirectly by such person or entity, i.e., by the actions of third-party telemarketers who have been engaged by such person or entity.

    d. Representing or implying that any of their products or services, is in any way sponsored by, affiliated with, or endorsed or licensed by Life Alert;

      e.      Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or rendering any services using any of the Life Alert Trademarks;

      f.      Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1(a) to (e) above.

2.      The Enjoined Parties are further permanently enjoined from:

      a.      Violating the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227) in initiating any telemarketing calls related to their products or services including, but not limited to, violations caused by initiating autodialed and/or prerecorded message calls without the requisite level of prior consent from the recipient (*see* 47 U.S.C. § 227(b)), or calling a consumer on the Federal Do Not Call list without the requisite Established Business Relationship (*see* 47 U.S.C. § 227(c));

      b.      Violating the Telemarketing Sales Rule ("TSR") (16 C.F.R. § 310, *et. al.*), including but not limited to violations of 16 C.F.R. § 310.3(a)(2)(vii), which would forbid a caller from falsely identifying itself as being affiliated with or endorsed by Life Alert, and to violations of 16 C.F.R. § 310.4(a)(8), which requires that the telemarketer's telephone number and/or name will be provided to any caller identification service, and that no other misleading name (such as "Life Alert") will be substituted to populate the caller identification field;

      c.      Violating the FCC's implementing regulations for the TCPA, contained in 47 C.F.R. § 64.1200 *et. al.*, which require (amongst other things) that telemarketing calls be within certain specified hours, do not tie up multiple lines of a business at once, do not disconnect before four rings or 15 seconds, and/or be abandoned beyond a specified rate after a recipient answers. *See, e.g.*, 47 C.F.R. § 64.1200 (a)(5-7) and (c);

-4-

   d. Retaining or authorizing any other person or entity to telemarket products or services in any manner that they know, or after reasonable inquiry should know, is violating the TCPA, the TSR, or 47 C.F.R. § 64.1200, as described above; and

   e. Misrepresenting that the products or services of the LifeWatch Defendants or any of their subsidiaries, successors or related companies are recommended by the American Heart Association, American Diabetes Association or the National Institute of Aging.

  3. Should the LifeWatch Defendants or MedGuard or any of their officers, directors or employees learn that any person or entity retained by the Enjoined Parties is violating Sections 1 or 2 of this stipulated judgment and permanent injunction, including but not limited to using the Life Alert Trademarks (either; (i) directly by such person or entity; or (ii) indirectly by such person or entity, i.e., by the actions of third-party telemarketers who have been engaged by such person or entity) in any telemarketing calls and/or is falsely representing or implying in telemarketing calls to have some affiliation with Life Alert (e.g., by representations of sales agents or caller identification fields on a recipient's phone), the LifeWatch Defendants and MedGuard shall demand in writing that such violations cease immediately, and shall notify Life Alert in writing of both of the issue and of their responsive actions within five business days of learning of such actions.  Moreover, the LifeWatch Defendants and MedGuard shall assist Life Alert with its investigation into any such violations by providing, upon request, information that is in their possession or reasonably available to them.

  4. The LifeWatch Defendants and MedGuard shall notify those with whom they have entered Purchase Agreements, e.g. Dkt. 175 and Dkt. 178, or similar contracts, and with whom they continue to do business, of this stipulated judgment and permanent injunction by providing a copy of this Amended Judgment to them, and where consistent with its rights under the terms of such agreements,

1 shall direct such persons or entities to make the same notification to those
2 telemarketers with whom each contracts with respect to the promotion and sale of
3 their products and services.     5.     This stipulated judgment and permanent
4 injunction shall be binding upon the Enjoined Parties upon entry by the Court
5 without further notice to any party. The Court shall retain jurisdiction of this matter
6 for purposes of enforcement, performance and modification of this stipulated
7 judgment and permanent injunction, to resolve any disputes between Life Alert and
8 the LifeWatch Defendants arising or relating to this action, or the dismissal of the
9 their claims and counterclaims against each other and/or the nature of the resolution
10 of those claims and counterclaims including disputes arising or related thereto
11 between them or with MedGuard.

12     6.    No bond shall be required to secure this stipulated judgment and
13 permanent injunction.

14     7.    The claims in Life Alert's First Amended Complaint against the
15 LifeWatch Defendants and the LifeWatch Defendants' Counterclaims against Life
16 Alert that are not adjudicated by this stipulated judgment and permanent injunction,
17 are hereby dismissed with prejudice.

18     8.    Life Alert and the LifeWatch Defendants shall bear their own costs and
19 attorneys' fees incurred in connection with one another in this action up to the entry
20 of this Amended Judgment.

21     **C. As To Defendants Live Agent Response 1 LLC, Greg Small and**
22         **Trilogy Investment, LLC**

23     On June 10, 2015, Defendants Trilogy Investment, LLC and Greg Small
24 stipulated to the entry of a judgment and permanent injunction against Defendant
25 Trilogy Investment, LLC and its members, managers, officers, directors, assigns and
26 successors and a dismissal of all claims against Defendant Greg Small, and waived
27 any required findings of fact and/or conclusions of law, and further waived any
28 additional notice. (Dkt. 297.) Furthermore, on July 22, and 24, 2015, Life Alert

and Defendant Live Agent Response 1 LLC stipulated to the entry of a judgment and permanent injunction against Defendant Live Agent Response 1 LLC and its members, managers, officers, directors, assigns and successors, and waived any required findings of fact and/or conclusions of law, and further waived any additional notice. (Dkt. 308; Dkt. 309.)

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Defendants Trilogy Investment, LLC and Live Agent Response 1 LLC and their members, managers, officers, directors, assigns and successors, are permanently enjoined from:

   a. Using the following Life Alert trademarks: I'VE FALLEN AND I CAN'T GET UP! (U.S. Reg. No. 3,255,726); LIFE ALERT (U.S. Reg. No. 2,552,506); LIFE ALERT YOU ARE NEVER ALONE 24/7 (U.S. Reg. No. 3,212,604); LIFE ALERT MOBILE (U.S. Reg. No. 4,053,816); LIFE ALERT, U.S. Reg. No. 4,708,297); HELP, I'VE FALLEN AND I CAN'T GET UP! (U.S. Reg. No. 4,559,120); LIFE ALERT EMERGENCY RESPONSE, INC.; and LIFE ALERT THE LIFE SAVING NETWORK (collectively, "Life Alert's Trademarks");

   b. Providing telemarketing services by using any of the Life Alert Trademarks or working, through a contract or other agreement, with any person or entity whom any of them knows, or after a reasonable inquiry should know, is providing telemarketing services by using any of the Life Alert Trademarks;

   c. Representing or implying that any products or services offered for sale by Defendants Trilogy Investment, LLC or Live Agent Response 1 LLC or their subsidiaries, successors, related companies or anyone acting in concert with Defendants Trilogy Investment, LLC or Live Agent Response 1 LLC, is in any way sponsored by, affiliated with, or endorsed or licensed by Life Alert;

        d.      Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or rendering any services using any of the Life Alert Trademarks;

        e.      Selling or transferring any customer accounts obtained by Defendants Trilogy Investment, LLC or Live Agent Response 1 LLC or their telemarketers in connection with the use of Life Alert's Trademarks;

        f.      Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1(a) to (e) above.

    2.      This judgment and the permanent injunction set forth in paragraph 1 above shall be binding upon the enjoined parties upon entry by the Court without further notice to any party. The Court shall retain jurisdiction of this matter for purposes of enforcement, performance and modification of this judgment and permanent injunction.

    3.      No bond shall be required to secure this judgment and the permanent injunction set forth in paragraph 1 above.

    4.      The claims in Life Alert's First Amended Complaint against Defendants Trilogy Investment, LLC and Live Agent Response 1 LLC that are not adjudicated by this judgment and the permanent injunction set forth in paragraph 1 above are hereby dismissed with prejudice.

    5.      The claims in Life Alert's First Amended Complaint against Greg Small are hereby dismissed with prejudice.

    6.      Life Alert and Defendants Trilogy Investment, LLC, Greg Small and Live Agent Response 1 LLC shall each bear its or his costs and attorneys' fees incurred in connection with one another in this action up to the entry of this Amended Judgment.

### D. As To Defendants Worldwide Info Services, Inc. and Michael Hilgar

On June 3, 2014, a default judgment was entered against Defendant Worldwide Info Services, Inc. and Michael Hilgar (collectively "Worldwide Defendants".) (Dkt. 206.) Subsequently, on June 3, 2015, that default judgment was amended as to an award of damages. (Dkt. 296.)

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Worldwide Defendants and their subsidiaries, officers, directors, employees, successors and related companies, are permanently enjoined from:

   a. Using the following Life Alert trademarks in any way: I'VE FALLEN AND I CAN'T GET UP! (U.S. Reg. No. 3,255,726), LIFE ALERT (U.S. Reg. No. 2,552,506), LIFE ALERT YOU ARE NEVER ALONE 24/7 (U.S. Reg. No. 3,212,604), LIFE ALERT MOBILE (U.S. Reg. No. 4,053,816), HELP, I'VE FALLEN AND I CAN'T GET UP! (U.S. Reg. No. 4,559,120), LIFE ALERT EMERGENCY RESPONSE, INC. and LIFE ALERT THE LIFE SAVING NETWORK (collectively, "Life Alert's Trademarks");

   b. Providing telemarketing services by using any of the Life Alert Trademarks or working, through a contract or other agreement, with any person or entity whom any of them knows, or after a reasonable inquiry should know, is providing telemarketing services by using any of the Life Alert Trademarks;

   c. Acquiring from any person or entity any customers or customer accounts that the Worldwide Defendants, or any of their officers or directors, knows or after a reasonable inquiry should know, were obtained through the use of any of the Life Alert Trademarks either: (i) directly by such person or entity; or (ii) indirectly by such person or entity, i.e., by the actions of third-party telemarketers who have been engaged by such person or entity;

   d. Representing or implying that any products or services offered for sale by the Worldwide Defendants or their subsidiaries, successors, related

companies or anyone acting in concert with the Worldwide Defendants, is in any way sponsored by, affiliated with, or endorsed or licensed by Life Alert;

      e.    Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or rendering any services using any of the Life Alert Trademarks;

      f.    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1.(a) to (e) above.

    2.    No bond shall be required to secure this judgment and permanent injunction set forth in paragraph 1 above.

    3.    Life Alert is awarded damages of $8,606,633.50 against Defendants Worldwide Info Services, Inc. and Michael Hilgar.

Dated: September 15, 2015          _____
                                        John A. Kronstadt
                                        U.S. DISTRICT JUDGE